511 A.2d 855

**Francis GOULD and Marie Gould, Appellants,**

v.

**NAZARETH HOSPITAL and William Robinson, Jr., M.D., Appellees.**

Superior Court of Pennsylvania.

Submitted Jan. 13, 1986.

Filed June 27, 1986.

Ilene L. Isaacman, Philadelphia, for appellants.

Fredric L. Goldfein, Philadelphia, for appellees.

Before ROWLEY, MONTEMURO and KELLY, JJ.

KELLY, Judge:

This appeal arises from an order granting defendant-appellee Robinson's preliminary objections and dismissing the complaint against him. We reverse and remand the matter to the court below.

Plaintiff, Francis Gould alleges injury as a result of emergency room treatment administered by appellee on August 11, 1981 at Nazareth Hospital. On August 8, 1983, three days before the statute of limitations was to have lapsed,[1] plaintiff's attorney filed a praecipe for a writ of summons with the prothonotary in Philadelphia County. Though the writ was issued by the prothonotary that same day, service was not attempted on Robinson until September 12, 1983, five days after the writ had expired.[2]

The September 12, 1983 service attempt proved unsuccessful, as Robinson no longer maintained offices within Nazareth Hospital. On October 5, 1983, in response to a rule to file complaint filed by the hospital, appellants filed their complaint. The complaint was reinstated on Novem-

---

1. 42 Pa.C.S. § 5524 provides a two-year statute of limitations for negligence actions.

2. In the reproduced record submitted on appeal, appellants include an affadavit signed by the sheriff, stating that service was attempted on August 9, 1983, one day after the writ was issued. As the affadavit was not presented to the court below, we may not consider it. *Society Hill Towers Owners Association v. Matthew*, 306 Pa.Super. 13, 451 A.2d 1366 (1981).

ber 15, 1983. Appellant apparently obtained a new address for Robinson and twelve unsuccessful attempts at service were made at the new address between November 29, 1983 and December 19, 1983. The sheriff's return of service notes that the former Robinson office was then vacant, and that Robinson had left the premises during the term of the lease, without a forwarding address. Appellant scheduled the deposition of Robinson's father for April 5, 1984; this deposition was postponed.[3] After the deposition was rescheduled, on October 16, 1984, Robinson's father produced an Illinois address for his son. Appellant reinstated the complaint and perfected out-of-state service on October 19, 1984. Robinson then filed preliminary objections to the complaint, alleging that appellant had violated the rule of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and that the statute of limitations had, therefore, lapsed.[4] The lower court entered an order sustaining Robinson's preliminary objections and dismissing the complaint.

In *Lamp*, the plaintiff-appellant's attorney filed a praecipe for a writ of summons within the period permitted by the statute of limitations, but instructed the prothonotary not to deliver the writ to the sheriff for service. A praecipe for reissuance was filed, but service of the writ and its accompanying complaint was not effectuated. No reason was given for the failure to serve this reissued writ. Some two months later another praecipe for reissuance was filed and service was timely made. Both praecipes for reissuance were filed beyond the two-year statute of limitations period.

Prior to *Lamp*, it was repeatedly held that the mere filing of a praecipe to commence an action is sufficient to toll the

---

3. The reason for postponement is not apparent from the record.

4. Plaintiff alleged, and Robinson admitted, that he gave Robinson an extension of time in which *to answer* but not to otherwise plead to the complaint. Plaintiff filed preliminary objections to defendant's preliminary objections on this basis. The trial court did not issue any order disposing of this pleading. As we have determined that the trial court improperly sustained defendant's preliminary objections, we find it unnecessary to remand the case for a decision on the preliminary objections to preliminary objections.

running of the statute of limitations; and, pursuant to the Rules of Civil Procedure, the writ may be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for commencement of the action. The *Lamp* court concluded, however, that "there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." 469 Pa. 477, 366 A.2d at 888. The court set forth the new rule as follows:

[A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

469 Pa. 478, 366 A.2d at 889 (footnote omitted).

At bar, defendant Robinson alleged in preliminary objections that the *Lamp* rule had been violated, since appellants had made no attempt at service during the initial thirty (30) day life of the original writ. Robinson's position, however, ignores an important factual consideration which distinguishes this case from *Lamp* and its progeny: the failure to attempt service during the life of the original writ was due to error within the sheriff's office, and not to any affirmative action on the part of the appellant.

Prior to enunciating the new approach, the court in *Lamp* stated its reasoning:

[O]ur purpose is to avoid the situation in which a plaintiff can bring an action, but by not making a *good faith effort* to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.

366 A.2d at 889 (emphasis added). As this court stated in *Jacob v. New Kensington Y.M.C.A.*, 312 Pa. Super 533, 459 A.2d 350 (1983):

Our review of the *Lamp* decision reveals that the Supreme Court clearly intended to abrogate the potential for

abuse in cases where the issuance of a writ of summons tolls the statute of limitations. On the other hand, we also interpret *Lamp* as not intending its effect to be the punishment of those who make a good-faith effort to comply with the local rules.

312 Pa.Superior Ct. 538, 459 A.2d at 352. In *Jacob*, the plaintiff's father, a layman, filed a praecipe for writ of summons on his son's behalf. He misinterpreted the instructions of the prothonotary, and, as a result, the writ was never delivered to the sheriff for service. The writ expired without service being attempted. On appeal from an order sustaining defendant's motion for summary judgment, we found that the *Lamp* rule had not been violated, since plaintiff made a good faith effort to effectuate service.

Similarly, in *Sweet v. Ayres*, 277 Pa.Super. 236, 419 A.2d 749 (1980), the sheriff received the summons and the fees were paid for service. Unbeknownst to plaintiff or his attorney, however, the plaintiff's father telephoned the sheriff and requested him to hold the summons. As a result, the writ of summons elapsed without service being attempted. Defendant claimed that the writ was a nullity, since plaintiff engaged in conduct which stalled the legal machinery that had been set in motion by the issuance of the first summons. Defendant claimed that the statute of limitations had therefore lapsed. On appeal from an order granting defendant's motion for summary judgment, this court reversed. The failure to attempt service of the original writ was not the fault of the plaintiff or his attorney. Instead, the sheriff had erred, since he accepted instructions of a third person not a party to the litigation. Since no evidence existed that plaintiff or his attorney had acted to "stall the legal machinery in its tracks", the rule of *Lamp* had not been violated.

Here, defendant made no allegation that plaintiff somehow prevented service from being attempted. The docket entries show that a writ was issued, service fees were paid, and defendant, Nazareth Hospital, was in fact served the

following day. The failure to attempt service on appellee within the life of the writ lies with the sheriff's office, and not the plaintiff. Hence, we find that the rule of *Lamp* is inapplicable, and the statute of limitations was tolled by the timely filing of the praecipe for writ of summons. As plaintiff filed the complaint, reissued the writ, and perfected service within two years of the original praecipe, the statute of limitations did not lapse. Accordingly, we reverse and remand the case to the court below. Jurisdiction is relinquished.

ROWLEY and MONTEMURO, JJ., concur in the result.