**Vanessa SANDERS, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Eastern Casualty Company, t/a Atlas Insurance Agency.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1992.

Filed March 26, 1993.

Joseph V. Restifo, Philadelphia, for appellant.

Phillip Berger, Philadelphia, for Eastern Cas., appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the grant of appellee's, Eastern Casualty Company t/a Atlas Insurance Agency, motion for summary judgment. Appellant, Vanessa Sanders, raises one issue for our consideration on appeal.

> Where in a suit in assumpsit and trespass against an insurance agency for failing to secure the requested automobile insurance coverage for medical expense and wage loss, suit is started about two years and five months after issuance of the policy in question and the accident in question, and the plaintiff's attorney pays the prothonotary the prothonotary's filing fee and the sheriff's service fee and gives to the prothonotary a copy of the complaint to deliver to the sheriff for service, in accordance with the normal practice in Philadelphia at that time, and the sheriff never effects service on the defendant, are the plaintiff's claims barred by the statute of limitations?

Appellant's Brief at 2. For the reasons that follow, we reverse and remand as to appellant's contract claim.[1]

Appellant was the owner of an insurance policy issued by State Farm Mutual Insurance Company through Eastern Casualty Company. Appellant was involved in an automobile accident on May 21, 1985, and incurred medical expenses and lost income in excess of the amounts provided by the State Farm policy. On October 19, 1987, appellant filed a complaint in the present action alleging that appellee acted negligently and in breach of contract by not providing the level of insurance which appellant orally requested from appellee. On December 23, 1991, appellee filed a motion for summary judgment based upon appellant's alleged failure to timely serve process on appellee within the two year statute of limitations applicable to the negligence claim, and four year statute of limitations period applicable to the breach of contract claim. By order dated April 2, 1992, the trial court granted appellee's motion as to both the negligence and contract claims. This timely appeal followed.

This Court's scope of review of a grant of summary judgment is plenary. *Briggs v. Erie Insurance Group,* 406 Pa.Super. 560, 594 A.2d 761 (1991). In reviewing an order granting

---

1. In the instant case, appellant provides support for her claim that the trial court erred in its grant of summary judgment as to the contract claim only. Accordingly, this will be the sole issue addressed on appeal.

a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. *Dorohovich v. West American Insurance Co.,* 403 Pa.Super. 412, 589 A.2d 252 (1991). All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). Moreover, in summary judgment proceedings, it is not the court's function to determine the facts, but only to determine if an issue of material fact exists. *Godlewski v. Pars Manufacturing Co.,* 408 Pa.Super. 425, 597 A.2d 106 (1991). Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court's conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

In the instant case, appellant presented evidence that a complaint was filed on October 19, 1987 and that appellant paid the prothonotary's fee of fifty-five dollars as well as the sheriff's fee of sixty dollars to effectuate service. *See* Trial Court Docket Sheet. Thus, the action was filed within the statutory limitations period for oral contract actions.[2] Appellant also asserted that the prothonotary was provided with the completed sheriff's service form. The trial court however ruled that appellant had failed to act in good faith to effectuate service.

Plaintiffs are required to make a good faith effort to notify a defendant of a commenced action. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986); *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The purpose behind this requirement is "to avoid the situation in which a plaintiff can bring an action, but by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Lamp,* 469 Pa. at 478, 366 A.2d at 899. Thus the Court in *Lamp* held that a "writ of summons shall remain effective to commence an action only if the

2. 42 Pa.C.S.A. § 5525(3).

plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.*[3] The Court characterized such unacceptable conduct as follows: "depending upon the process obtaining in a particular county, this can be accomplished by instructing either the prothonotary or the sheriff to hold the writ, by personally retaining the writ and not delivering it to the sheriff for service, or by neglecting to pay the sheriff his fee." *Id.* at 472, 366 A.2d at 866.

■ Thus a plaintiff will fail the good faith requirement when he takes affirmative steps to prevent service on a defendant. *Gould v. Nazareth Hosp.*, 354 Pa.Super. 248, 511 A.2d 855 (1986). However, where a plaintiff complies with the proper local procedural requirements for effecting service, but service is not made on the defendant due to sheriff's error, the plaintiff will be deemed to have acted in good faith. *Id.* at 252–253, 511 A.2d at 858.

In the instant case, the trial court noted that the sheriff did not make an initial attempt to effectuate service until appellant reinstated the complaint in May of 1990. Trial Court Opinion, 6/25/92 at 4. The trial court concluded from this that appellant had failed to comply with the proper local procedure and hence failed to meet the good faith standard. *Id.* The trial court reasoned:

> Payment of Prothonotary fees does not necessarily establish that plaintiff made a good faith effort to serve Atlas. Plaintiff can fail to enable the sheriff to serve a complaint even if plaintiff has paid the prothonotary to provide the sheriff with the complaint for service. For example, ... [a] plaintiff can simply not deliver the complaint and the Prothonotary's receipt to the sheriff. In addition, a party can telephone the sheriff and request the sheriff hold a writ or complaint.... Plaintiff may not have specifically taken

---

**3.** This same standard applies to actions initiated by complaint, as in the present case. *See Pannill v. Seahorne*, 278 Pa.Super. 562, 420 A.2d 684 (1980).

steps to prevent service, yet plaintiff fails to state whether plaintiff took steps to enable service to Atlas.

*Id.* at 5.

■ From the above quoted portion of the trial court's opinion, it is clear that the learned court failed to apply the proper standard for summary judgment in the instant case. The court did not examine the evidence in the light most favorable to the appellant but on the contrary inferred from the fact that the complaint had not been served by the sheriff's department, that appellant prevented service or failed to take steps to effectuate service. The court thus disregarded appellant's documented efforts to effectuate service by the filing of the complaint and payment of the proper fees, and discounted appellant's assertion that the prothonotary was provided a completed sheriff's service form.

Viewing the evidence in the light most favorable to appellant, there is a material question of fact as to whether appellant complied properly with local procedure and an error in the sheriff's department resulted in the failure of service to the appellee, or whether it was appellant's conduct which caused the failure of service. If appellant did comply with the proper procedure, and the sheriff's error resulted in failure to serve appellee, appellant acted in good faith to effectuate service. *Gould,* 354 Pa.Super. at 252–253, 511 A.2d at 858. Thus, the trial court erred in granting summary judgment when a material question of fact existed. Accordingly, we reverse and remand to the trial court.

Reversed. Case remanded. Jurisdiction relinquished.