638 A.2d 224

**Scott SCHRIVER, Appellant**

v.

**Candy MAZZIOTTI.**

Superior Court of Pennsylvania.

Argued Sept. 22, 1993.

Filed Feb. 1, 1994.

Reargument Denied April 5, 1994.

James A. Nettleton, Jr., Lancaster, for appellant.

Joan E. London, Reading, for appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the March 1, 1993 order granting appellee's, Candy Mazziotti, motion for summary judgment. Appellant, Scott Schriver, presents the following issues for our review:

1. Whether the Court of Common Pleas of Berks County, Forrest G. Schaeffer, P.J. erred by entering Summary Judgment on behalf of defendant, where the defendant was the movant and her witnesses did not establish the salient facts upon which the court relied in dismissing plaintiff's case for failure to demonstrate a good faith effort at having defendant served with a complaint prior to the running of the statute of limitations?

2. Whether the Court of Common Pleas of Berks County, Forrest G. Schaeffer, P.J. erred by granting summary judgment under *Lamp v. Heyman* under the circumstances of this case?

Appellant's Brief at 3. For the reasons that follow, we affirm.

On March 14, 1989, a collision occurred between a vehicle driven by appellee and a vehicle in which appellant was a passenger. Appellant allegedly suffered personal injuries as a result of the accident. By letter dated June 18, 1990, appellant's counsel informed appellee that he had been retained to represent appellant. Appellant's counsel requested appellee to forward a copy of the letter to her insurance carrier. Appellant's counsel also by letter dated June 18, 1990 informed appellee's insurance company, Allstate, advising them of appellant's desire to recover compensation for his injuries. By letter dated July 10, 1990, a claims representative for Allstate, Michael Spengler, communicated with appellant's counsel requesting medical information about appellant's injuries. Communication between appellant's counsel and Mr. Spengler continued over several months, but no settlement could be agreed upon. By letter dated January 23, 1991, appellant's counsel informed Allstate that litigation would be

commenced in the instant action and enclosed a courtesy copy of the complaint.

On January 24, 1991, a complaint was filed with the Berks County's Prothonotary's Office. Enclosed with the complaint was the filing fee of $60.50 and the sheriff's service fee of $27.08. It is the local practice in Berks County to require a sheriff's instructions form to be completed to effectuate service. Eleanor Dachowski, of the Berks County Sheriff's Department, testified that she received the copy of appellant's complaint on January 25, 1991. However, as there was no sheriff's instruction form, she waited several days to see if it would be forwarded. When she did not receive the instructions form, she sent a letter to appellant's counsel along with a blank sheriff's instruction form on January 29, 1991. On March 21, 1991 the instructions form was received by Ms. Dachowski. Service was attempted by the sheriff's office on March 26, 1991, but could not be completed. Service was finally effected on April 2, 1991, however, the statute of limitations on the action had run out on March 14, 1991. On January 19, 1993, appellee moved for summary judgment, which was granted by order dated March 1, 1993. This timely appeal followed.

Appellant first argues that the court erred in granting summary judgment as appellee did not establish the facts upon which the court based its decision granting summary judgment. Specifically, appellant contends that as appellee did not establish that appellant failed to follow the proper procedure for effecting service in Berks County, the court erred in making this determination. We disagree.

Initially, we note that this Court's scope of review of a grant of summary judgment is plenary. *Briggs v. Erie Insurance Group*, 406 Pa.Super. 560, 594 A.2d 761 (1991). In reviewing an order granting a motion for summary judgment, we must view the record in the light most favorable to the non-moving party. *Dorohovich v. West American Insurance Co.*, 403 Pa.Super. 412, 589 A.2d 252 (1991). All doubts as to the existence of a genuine issue of material fact must be

resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). Moreover, in summary judgment proceedings, it is not the court's function to determine the facts, but only to determine if an issue of material fact exists. *Godlewski v. Pars Manufacturing Co.,* 408 Pa.Super. 425, 597 A.2d 106 (1991). Summary judgment is proper only where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court's conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

In the instant case, appellant presented evidence that a complaint was filed with the Berks County's Prothonotary's Office and that enclosed with the complaint was the filing fee of $60.50 and the sheriff's service fee of $27.08. However, appellant does not even allege on appeal that a sheriff's service form was completed and filed along with the complaint in this particular matter.

▮▮▮ Plaintiffs are required to make a good faith effort to notify a defendant of a commenced action. *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986); *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The purpose behind this requirement is "to avoid the situation in which a plaintiff can bring an action, but by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Lamp,* 469 Pa. at 478, 366 A.2d at 899. Thus, the Court in *Lamp* held that a "writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* The Court characterized such unacceptable conduct as follows:

> "depending upon the process obtaining in a particular county, this can be accomplished by instructing either the prothonotary or the sheriff to hold the writ, by personally

retaining the writ and not delivering it to the sheriff for service, or by neglecting to pay the sheriff his fee."
*Id.* at 472, 366 A.2d at 866.

 A plaintiff will, therefore, fail to satisfy the good faith requirement when he takes affirmative steps to prevent service on a defendant. *Gould v. Nazareth Hosp.*, 354 Pa.Super. 248, 511 A.2d 855 (1986). Additionally, "At a minimum, the good faith effort required in *Lamp v. Heyman*, supra, mandates compliance with the Pennsylvania Rules of Procedure, and importantly, local practice." *Feher by Feher v. Altman*, 357 Pa.Super. 50, 55, 515 A.2d 317 (1986); *Green v. Vinglas*, 431 Pa.Super. 58, 635 A.2d 1070 (1993). Moreover, when "a praecipe is filed but the writ is not served the burden is on the plaintiff to show that he made a good faith attempt to have the writ served." *Feher by Feher*, at 55, 515 A.2d at 319. The same burden applies when a complaint is filed but service is not effected. *See Pannill v. Seahorne*, 278 Pa.Super. 562, 420 A.2d 684 (1980); *Sanders v. State Farm Automobile Insurance Co.*, 424 Pa.Super. 372, 622 A.2d 966 (1993).

In the instant case, a complaint was filed with the prothonotary, but appellee was not served. Therefore, the burden was on appellant to produce evidence that he complied with local procedural rules to effectuate service. Appellant however has not even alleged that he delivered the appropriate instructions form to effectuate service under Berks County local rules when he initially filed his complaint in this particular matter. Additionally, appellant failed to return the service instructions form mailed to him for almost two months.

Viewing the evidence in the light most favorable to appellant, there is no material question of fact as to whether appellant complied properly with local procedure. Thus, the trial court could properly conclude that appellant had failed to comply with local procedural rules and therefore had not made a good faith effort to effect service.

Appellant next argues that the circumstances of this case make the application of *Lamp* inappropriate. Specifically, appellant argues that as a result of the correspondence be-

tween appellant's counsel and the insurance adjuster for Allstate, appellee suffered no prejudice as a result of the failure to be timely served with the complaint. Appellant cites *Leidich v. Franklin*, 394 Pa.Super. 302, 575 A.2d 914 (1990), *allocatur denied*, 526 Pa. 636, 584 A.2d 319 (1990), and *Hoeke v. Mercy Hospital*, 254 Pa.Super. 520, 386 A.2d 71 (1978), as supporting this position.

In *Leidich*, the plaintiff's counsel filed a writ of summons and instead of allowing it to be delivered by the prothonotary to the sheriff for service pursuant to the local practice, took possession of the writ himself, and sent it to the defendant by first class mail. The court noted that:

(1) one's "good faith" effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis; and

(2) the thrust of all inquiry is one of whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by the his/her filings.

*Leidich*, 394 Pa.Super. at 311, 575 A.2d at 918. The court then stated:

[W]e find that the defect in service has not affected any substantial rights of the defendants, nor is there any allegation that the defendants were prejudiced by the manner in which they received notice of the lawsuit ... More importantly, consistent with Lamp's teachings, we cannot in good conscience equate the plaintiff's attorney's actions with a course of conduct which served to stall, "the machinery of justice."

*Leidich*, at 313, 575 A.2d at 919.

In *Hoeke*, the plaintiff's filed the wrong praecipe and consequently the prothonotary issued a technically defective writ. The court declined to sustain the defendant's preliminary injunction's finding that appellant's had received notice, albeit technically defective notice, before the statute of limitations ran.

Both *Leidich* and *Hoeke* indicate that when the plaintiff attempts to give notice to the defendant, and does so, albeit in

a technically defective fashion, and the plaintiff has not engaged in conduct to forestall "the machinery of justice", our court's will find that the statute of limitations has been tolled and allow the action to proceed.

In the instant case, however, appellant never sent notice, technically defective or otherwise, to appellee within the limitations period. His forwarding to appellant's insurance carrier of unfilled courtesy copy of the complaint is not equivalent to service. More importantly, appellant's conduct amounted to forestalling the machinery of justice and therefore belies any assertion that appellant made a "good faith" effort to serve appellee. Appellant's initial attempt at service was ineffective because of his failure to follow the appropriate local procedure. Moreover, when appellant was then presented with an opportunity to effectuate proper service he failed to act in a timely fashion. This we conclude does not amount to a "good faith" effort to give notice to appellee. *See Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986) (counsel's initial delay of eight days in paying sheriff's fee and providing sheriff's instructions attributable to lost file and subsequent one month delay due to forgetfulness did not amount to good faith effort to serve process). Therefore, we conclude that the trial court correctly applied *Lamp,* to the facts of the instant case. Accordingly, the order of the trial court is affirmed.

Affirmed.

McEWEN, J., files a dissenting statement.

McEWEN, Judge, dissenting.

The author of the lead opinion provides an insightful and persuasive expression of view, and I differ with neither the actual scenario depicted by that opinion, nor with the legal principle upon which it relies. However, I am obliged, most respectfully, to this statement of dissent since I differ with the application of that prevailing principle to the facts of this case. The chronology of the pertinent events well serves an analysis:

March 14, 1989 The accident underlying the suit occurs.

June, 1990 Counsel for appellant commences negotiations with Allstate Insurance Company, the carrier for appellee.

January 22, 1991 Counsel for appellant forwards to the Prothonotary by mail (1) a complaint, (2) a check in the amount of $60.50 for payment of the filing fee of the Prothonotary, and (3) a check in the amount of $27.08 in payment of the fee for service of the complaint by the Sheriff. Counsel fails to comply with the Berks County requirement that a particular form concerning service be presented to the Sheriff with the other material.

January 23, 1991 Counsel for appellant forwards to Allstate Insurance Company a copy of the Complaint which had been forwarded to the Prothonotary to commence this suit.

January 24, 1991 The Prothonotary receives the foregoing materials.

March 14, 1991 The two-year statute of limitations applicable to the suit initiated by appellant against appellee expires.

March 21, 1991 Counsel for appellant (1) files with the Prothonotary a praecipe to reinstate the Complaint, and (2) delivers to the Sheriff the form required in Berks County.

April 2, 1991 The Sheriff completes service upon appellee.

The lead expression quite appropriately relies upon the decisions of this Court in *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986), and *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and on the declaration that a complainant must refrain "from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, *supra* at 478, 366 A.2d at 899. It merits mention that appellant here, unlike the complainant in *Lamp* who proceeded by writ of summons, filed a complaint which fully expressed the nature and details of the cause of action, and, further unlike the complainant in *Lamp*, provided for delivery of a

copy of the complaint to the sheriff for service and delivered to the sheriff a check in payment of the fee for service. Thus, appellant did not engage in the particular conduct which the Supreme Court specifically described as serving "to stall in its tracks the legal machinery".

The author of the lead opinion also conducts a quite scholarly examination of the decision of this Court in *Leidich v. Franklin,* 394 Pa.Super. 302, 575 A.2d 914 (1990), *allo. denied,* 526 Pa. 636, 584 A.2d 319 (1990). I quickly accompany the author as his examination moves to a bright focus upon the following portions of that decision of this Court:

> (1) one's "good faith" effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis; and (2) the thrust of all inquiry is one of whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by his/her filings.

*Leidich v. Franklin, supra* at 311, 575 A.2d at 918.

> [W]e find that the defect in service has not affected any substantial rights of the defendants, nor is there any allegation that the defendants were prejudiced by the manner in which they received notice of the lawsuit.... More importantly, consistent with *Lamp's* teachings, we cannot in good conscience equate the plaintiff attorney's actions with a "course of Conduct which serve[d] to stall" the machinery of justice.

*Leidich v. Franklin, supra* at 313, 575 A.2d 914. The illumination there provided compels me, however, to conclude:

> That the several steps undertaken by appellant in this case qualifies as a "good faith" effort.

> That the defect in service did not affect any substantial right of appellee.

> That the lethargic presentation of the appropriate form to the sheriff, in light of all the other steps completed by counsel for appellant, does not demonstrate "a course of conduct which serve[d] to stall in its tracks the legal machinery he has just set in motion".

Thus it is that I would reverse the order of the trial court and restore to appellant the right to his day in court.[1]

---

1. Nor am I persuaded that the decision of this Court in *Green v. Vinglas*, 431 Pa.Super. 58, 635 A.2d 1070 (1993), controls disposition of the instant appeal since there exists an essential factual disparity between the two cases, specifically, the plaintiff in *Green* (1) did not commence the litigation until the terminal breath of the statute of limitations, (2) commenced the litigation by summons and not by complaint, (3) commenced the litigation in a form of quite uncertain venue, and even then (4) failed to conform to local practices with regard to the payment of the fees due the sheriff. Thus, there was valid and abundant basis for the conclusion in *Green* that the plaintiff fell short of a "good faith" effort to notify the respondent of a lawsuit.