**James v. Wasbers**

C.P. of York County, no. 95-SU-04165-01.

*Clarence N. Patterson Jr.,* for plaintiff.
*Donald R. Dorer,* for defendants.

KENNEDY, *J.,* August 19, 1996—This matter is before the court on the motion for summary judgment filed by the defendants, Michael L. Wasbers and Deborah Wasbers, against the plaintiff, Loma J. James. The issue presented for our consideration is whether plaintiff's complaint should be dismissed as time barred by the applicable statute of limitations for failure to serve defendants with a writ of summons within the

appropriate time frame. For the following reasons, we shall grant the motion.

The relevant facts are as follows: On or about September 24, 1993, plaintiff was injured in an automobile accident when defendant Michael L. Wasbers allegedly drove through a yellow light and struck plaintiff's vehicle. Mr. Wasbers was driving a car owned by his mother, Deborah Wasbers, named as a co-defendant.

Plaintiff attempted to initiate a lawsuit by filing a praecipe for a writ of summons on September 20, 1995—just four days before the expiration of the appropriate statute of limitations, 42 Pa.C.S. §5524(b). The prothonotary's office noted on the writ that the fee of $55 had been paid and marked "xxx" next to the words stating, "writ of summons shall be issued and forwarded to attorney/sheriff." The computer docket for September 20, 1995 indicates the following: "writ of summons issued & returned to atty."

There is no dispute that the writ was never delivered to the sheriff to be served upon the defendant, nor was the writ reissued after it expired in October 1995. Plaintiff did send a courtesy copy of the writ to defendants' insurance carrier at the end of November 1995, but states in his papers opposing this motion that the courtesy copy was never intended as substitute service. Plaintiff filed a complaint on January 25, 1996 and mailed a copy of same to defendants who filed preliminary objections on February 2, 1996, challenging the method of service. Plaintiff then served defendants personally on February 6, 1996. Defendants withdrew their preliminary objections on February 12, 1996 and, on that same date, filed an answer and new matter. On May 21, 1996, defendants filed a motion for summary judgment based on the running of the statute of limitations. Plaintiff filed his responsive pleading on

May 23, 1996 arguing that: (1) the language on the writ misled plaintiff into believing the prothonotary had forwarded the writ to the sheriff, (2) plaintiff's actions in filing the writ effectively tolled the statute, (3) defendant suffered no prejudice as time was never of the essence, and (4) plaintiff made a good faith effort to serve the complaint which, under Rule 401(b)(5), allows plaintiff to use the complaint as alternative original process to the writ which had already tolled the statute.

## LEGAL ANALYSIS

The starting point for our review is the well-established case of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). The Supreme Court in *Lamp* was called upon to determine how to stop the abusive practice of attorneys who filed a praecipe for a writ of summons with the prothonotary to toll the statute of limitations and then kept an action alive for an indefinite period without proper notice to a defendant. The common practice was to have the writ reissued within the appropriate time required, but without attempting to effectuate service on the defendant. The court's purpose was "to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 478, 366 A.2d at 889. The *Lamp* court determined that a writ of summons would be effective to commence an action only if the plaintiff refrained from a course of conduct which served to stall in its tracks the legal machinery plaintiff had just set in motion. Significantly, the court advised that plaintiff should comply with local practice as to the delivery of the writ to the sheriff for service. The court stated:

"If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; . . . Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service." *Id.* at 478-79, 366 A.2d at 889.

In York County, the local practice is for the plaintiff or his attorney to deliver the writ to the sheriff for service with two exceptions: (1) plaintiff or his attorney specifically asks the prothonotary's office to do so, or (2) the prothonotary must add information to the writ at a later time to complete the form. In this case, plaintiff has not come forward with any evidence to suggest that either exception applies.

Plaintiff argues here that the wording on the writ misled him into believing that the prothonotary's office would take the necessary steps to effectuate delivery of the writ. Further, he argues that such a misunderstanding does not evidence bad faith. Assuming these facts to be true, plaintiff has not overcome the burden placed on him by the *Lamp* case and its progeny. "[I]t is not necessary the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. . . . Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear." (citations omitted) *Rosenberg v. Nicholson,* 408 Pa. Super. 502, 509-510, 597 A.2d 145, 148 (1991), *alloc. denied,* 530 Pa. 633, 606 A.2d 903 (1992). The plaintiff's "failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of [the] statute of limitations."

*Collins v. Greene County Memorial Hospital,* 419 Pa. Super. 519, 525, 615 A.2d 760, 762 (1992).

Thus, in *Ferrara v. Hoover,* 431 Pa. Super. 407, 636 A.2d 1151 (1994), the court held that although plaintiff's counsel did not actively attempt to thwart service of the writ, he failed to make a good faith effort when he took no affirmative action for five months to see that the writ was served.

Similarly, in *Schriver v. Mazziotti,* 432 Pa. Super. 276, 638 A.2d 224 (1994), the court held that the plaintiff did not make a good faith effort to effect service of the complaint on the defendant within the statute of limitations period when he failed to complete a sheriff's service form to effectuate service, despite the fact that plaintiff had paid the filing fee and the sheriff's service fee, had engaged for many months in settlement negotiations with the insurance company, and had forwarded to the defendant's insurance company a copy of the complaint.

In *Nagy v. Upper Yoder Township,* 652 A.2d 428 (Pa. Commw. 1994), the plaintiff filed a notice of intention to commence an action against a governmental entity and then, two days before the statute of limitations ran, filed a praecipe for a writ of summons which was forwarded directly to plaintiff's counsel. This was contrary to the normal practice of having the prothonotary deliver the writ to the sheriff for service on the defendant. After both the writ and the statute of limitations had expired, plaintiff's counsel praeciped for the reissuance of the writ which was then properly served. On appeal from an adverse decision below, plaintiff claimed that the failure to serve the first writ was due to an administrative error by plaintiff's attorney and her notice of intention to bring suit put the governmental entity on sufficient notice as to overcome assertions of lack

of a good faith effort on her part. The court recognized that where the defendant is notified of the institution of a suit *within the limitations period,* albeit by some manner of defective process, it has generally been held that the plaintiff has made a good faith effort. *Leidich v. Franklin,* 394 Pa. Super. 302, 575 A.2d 914 (1990), *appeal denied,* 526 Pa. 636, 584 A.2d 319 (1990) (plaintiff's service of process of initial writ within time limits through first class mail instead of service by sheriff did not affect any substantial rights of defendants); see also, *Hoeke v. Mercy Hospital of Pittsburgh,* 254 Pa. Super. 520, 386 A.2d 71 (1978) (defendant not prejudiced when clerk inadvertently stamped the writ, "original writ," rather than "substitute writ"); *Big Beaver Falls Area School District v. Big Beaver Falls Area Educational Association,* 89 Pa. Commw. 176, 492 A.2d 87 (1985). However, the court found that the writ of summons had not been served within the limitations period and the notice of intention to sue a governmental entity was insufficient notice of the institution of a suit. Thus, plaintiff's conduct could not be equated with the good faith efforts of *Leidich v. Franklin, Hoeke* or *Big Beaver Falls.*

What constitutes a good faith effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis. *Leidich v. Franklin, supra.* In this case plaintiff filed a writ four days before the running of the statute of limitations. The local practice called for the plaintiff or his attorney to deliver the writ to the sheriff for service on the defendant. Plaintiff's counsel admits that he failed to do this because the wording on the writ led him to believe that the prothonotary's office would handle forwarding the writ to the sheriff. This inaction can fairly be characterized as a mistake. Further, we have no doubt that the mistake was unintentional and evidences no desire on the part

of the plaintiff to impede the legal process. However, case law instructs us that simple neglect and/or mistake are enough to implicate the *Lamp* rule and we are constrained to find that, under these facts, the statute of limitations was not tolled by the mere issuing of a writ of summons without service on the defendant.

Plaintiff next contends that defendants were not prejudiced and time was not of the essence in this matter since defendants took more than three months to file their answer and new matter. We disagree. Defendants filed their answer and new matter just six days after they were properly served with the complaint, leading the court to conclude that time was an important factor. Of far more importance is the issue of prejudice. All defendants have a reasonable expectation to be assured that once the statute of limitations has run on a matter, they will no longer have to shoulder the burden of possible litigation. *Ferrara v. Hoover, supra* at 411, 636 A.2d at 1153. "The purposes and policies underlying the statute of limitations, as our Superior Court has explained, are the stimulation of prompt pursuit of legal rights and the avoidance of the inconvenience and prejudice resulting from deciding stale cases on stale evidence." *Dudley v. W.C.A.B. (Township of Marple),* 80 Pa. Commw. 233, 240, 471 A.2d 169, 173 (1984), citing *DeMartino v. Albert Einstein Medical Center, Northern Division,* 313 Pa. Super. 492, 501, 460 A.2d 295, 299 (1983). Thus, plaintiff's argument that defendants are not prejudiced by the pursuit of a "stale" case is without merit.

In November 1995 plaintiff sent a courtesy copy of the writ to defendants' insurance carrier. Plaintiff states in his opposing papers that this was never intended as substitute service on the defendants. Even if plaintiff

had so argued, we would find that it was insufficient notification under *Lamp. Schriver v. Mazziotti, supra; Ferrara v. Hoover, supra.*

Four months after the expiration of the statute of limitations, plaintiff filed a complaint. Plaintiff argues that Pa.R.C.P. 401(b)(5), which states as follows, applies to this case:

"RULE 401. TIME FOR SERVICE.

"(b)(5). If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing the complaint."

It should be remembered that, pursuant to Pa.R.C.P. 401(a), the writ expired after service of the writ failed to occur within 30 days of its issuance. During that 30-day period, the two-year statute of limitations ran on the matter (September 24, 1995). Plaintiff never requested that the writ be reissued. And, as we already determined, the statute of limitations was not tolled by the issuing of the writ without any effort to serve the defendant. Because we read the above rule to apply only to writs of summonses that have tolled the statute of limitations, plaintiff's complaint cannot be considered equivalent to a reissued writ. Thus, plaintiff's complaint stands alone with no nexus to a prior writ. Since the statute of limitations had run on the action, plaintiff's filing of a complaint was fruitless and defendants' motion for summary judgment is granted.

Accordingly, we enter the following order.

## ORDER

The defendants' motion for summary judgment is granted.

The prothonotary shall send notice to all parties of record in this case.