J-A12013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RICKY A. TRIVITT AND APRIL TRIVITT, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| LAURA SERFASS, WILLIAM P. SERFASS, JR. AND KATHY J. SERFASS, | |
| Appellees | No. 1596 MDA 2014 |

Appeal from the Order September 3, 2014
In the Court of Common Pleas of Adams County
Civil Division at No(s): 2013-S-873

BEFORE:  BOWES, DONOHUE AND ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 21, 2015**

Ricky A. and April Trivitt appeal from the September 3, 2014 order dismissing this negligence action filed against Appellees, Laura, Kathy J. and William P., Jr., Serfass (sometimes referred to as the Serfass family).  We affirm.

On July 15, 2013, Appellants instituted this action by filing a complaint.  Service was not effectuated within the time constraints of Pa.R.C.P. 401, which states, "Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint."  Nor was a return of no service filed, as provided by Pa.R.C.P. 405(a) ("If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.").

On September 30, 2013, ten weeks after the complaint was filed, Appellants praeciped to reinstate it, as permitted by Pa.R.C.P. 401, which allows reissuance of original process at any time. Pa.R.C.P. 401 (b)(1) (if service is not made within thirty days, the "prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint[.]").

Service was thereafter effectuated and a return of service then was filed. *See* Pa.R.C.P. 405(a) (when service of "original process has been made, the sheriff or other person making service shall make a return of service forthwith."). The sheriff's return of service indicates that at 2:00 p.m. on October 24, 2013, Deputy John Smith served the complaint upon Laura Serfass, William P. Serfass, Jr. and Kathy J. Serfass by personally handing a copy of the complaint to Kathy Serfass at 271 Table Rock Road, Gettysburg. The return also reported that Kathy is William's wife and Laura's mother and was the adult in charge of the residence when service was achieved.

The complaint indicated the following. The lawsuit arose from a July 15, 2011 motor vehicle accident. On the day in question, Mr. Trivitt was driving his motorcycle westbound on York Road in Straban Township near the intersection of Hunterstown Road, when Laura Serfass, who was traveling eastbound on York Road in her parents' motor vehicle, made a left

hand turn into Mr. Trivitt's right of way and struck his motorcycle. As a result of the collision, Mr. Trivitt suffered debilitating and permanent injuries.

Appellants averred that Laura negligently operated her vehicle resulting in the accident and that her parents negligently entrusted their vehicle to her and supervised her use of it. It was further averred that Mr. and Mrs. Serfass either knew or should have known that Laura's driving presented a risk of danger to the public.

On November 1, 2013, Scott D. McCarroll, Esquire, entered his appearance in this action on behalf of Appellees. Appellees then filed preliminary objections asserting, *inter alia*, that the statute of limitations had expired since Appellants failed to make a timely good faith attempt to effectuate service after filing the complaint. Appellees noted that the complaint was filed on the last day of the applicable statute of limitations, it was reinstated on September 30, 2013, well after the thirty days required for service, and no effort was made to effectuate service until October 18, 2013, when the complaint was mailed to the sheriff's office.

Appellants filed an amended complaint and an answer to the preliminary objections. The amended complaint did not materially alter the allegations of negligence against Appellees. On November 27, 2013, the court dismissed the first set of preliminary objections based upon the filing of the amended complaint, and Appellees filed preliminary objections again contending that the statute of limitations had expired due to Appellants'

failure to make any effort to serve the complaint from July 15, 2013, to October 18, 2013.

The following is uncontested. Appellees were insured by Penn National Mutual Casualty Insurance Company ("Penn National"). After the accident, Penn National retained Mr. McCarroll to represent it while Appellants retained Ramsay Whitworth, Esquire. From November 22, 2011, until July 15, 2013, Mr. Whitworth and Mr. McCarroll engaged in communications regarding damages, the collision, and the settlement of the potential lawsuit that Appellants intended to file against Appellees. Mr. Whitworth was aware that Penn National retained Mr. McCarroll.

On July 15, 2013, the day the complaint was filed and the penultimate date for purposes of the statute of limitations, Mr. Whitworth sent an email to Mr. McCarroll telling him that the complaint against Appellees had been filed and asking him to confirm that he was authorized to accept service. Mr. McCarroll immediately responded by email that he would talk to his client. The next day, Mr. McCarroll informed Mr. Whitworth that he would not accept service on behalf of Appellees. Thereafter, on July 23, 2013, Mr. Whitworth asked Mr. McCarroll whether Appellees would meet with him for purposes of service. Mr. McCarroll did not respond to the July 23, 2013 email.

On July 30, 2013, Mr. Whitworth prepared a cover letter to send a copy of the complaint to the Serfass family. This mailing would not have

satisfied the service requirements outlined in the rules of civil procedure. Pa.R.C.P. 400(a) (with exceptions inapplicable herein, "original process shall be served within the Commonwealth only by the sheriff"); Pa.R.C.P. 4024. (governing manner of service and requiring personal service on an individual by handing original process to that defendant or to an adult member of the family with whom the defendant resides at the defendant's residence).

In affidavits, Appellees denied receiving the July 30, 2013 letter. Mr. Whitworth later admitted that he did not believe that the July 30, 2013 letter was mailed since, on August 1, 2013, Mr. McCarroll asked for a copy of the complaint. Mr. McCarroll received a faxed copy on August 8, 2013. The same day that Mr. McCarroll asked for a copy of the complaint from Mr. Whitworth, August 1, 2013, Mr. McCarroll also sent a letter to the Adams County Prothonotary requesting a copy of the complaint and indicating that his clients were the members of the Serfass family.

After a hearing, the trial court sustained the preliminary objections and dismissed this case based upon the principles enunciated by our Supreme Court in **Lamp v. Heyman**, 366 A.2d 882 (Pa. 1976), and its progeny. The trial court determined that Appellants failed to make a good faith effort to properly serve the complaint after it was filed.

This appeal followed. Appellants raise the following issues in this appeal:

A. Does actual notice of the filing of a suit given to the insurance company or to the defense lawyer appointed by the insurance company before the expiration of the summons under Pa.R.Civ.P. No. 401 toll the statute of limitations until service of the summons and complaint upon the defendant-insured has occurred where the defendant has not been prejudiced by any delay?

B. Should the August 1, 2013 letter sent to the Prothonotary by Scott McCarroll, counsel for the Defendants, on behalf of "our clients, the Serfass family" be treated as an entry of appearance under Pa.R.Civ.P. No. 1012(a) that eliminated the need for service of the summons and complaint under Pa.R.Civ.P. No. 401?

C. Was Defendants' assertion of attorney-client privilege as to communications with Scott McCarroll and Thomas, Thomas & Hafer, LLP between July 15, 2011 and October 24, 2013 a judicial admission that Scott McCarroll and Thomas, Thomas & Hafer, LLP were their attorneys between July 15, 2013 and August 15, 2013?

Appellants' brief at 3-4.

Initially, we observe that our "standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." **Richmond v. McHale**, 35 A.3d 779, 783 (Pa.Super. 2012).

In their first issue on appeal, Appellants suggest that the trial court "mistakenly conflated the purposes and requirements of the statute of limitations and of service of process and incorrectly ruled that the statute of limitations is tolled only by a good faith attempt to serve process."

Appellant's brief at 26. They assert that the statute of limitations is tolled by a good-faith attempt to give notice of a timely-filed lawsuit rather than a good-faith attempt to serve process. Additionally, Appellants claim that the trial court erred in determining that notice of an action given to counsel for the defendant's insurance company was not notice to the actual party to the lawsuit.

The law is to the contrary. Standard Pennsylvania Practice aptly summarizes the applicable principles involved in this appeal:

> A writ of summons or complaint remains effective to commence an action and toll the statute of limitations only if the plaintiff refrains from a course of conduct that serves to stall in its tracks the legal machinery the plaintiff has just set in motion. In order to toll the statute of limitations, the plaintiff must make a good-faith effort to serve the complaint in a timely manner. The tolling for the statute of limitations occurs when there is proper, prompt service of a timely filed writ of summons. **Once an action is commenced by writ of summons or complaint, the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service of process on the opposing party**. When a plaintiff successfully tolls the applicable statute of limitations on an action by timely issuance and delivery of a complaint for service, the action is kept alive for a period equal to the original statute of limitations.

Standard Pennsylvania Practice § 8:15 (footnotes omitted; emphasis added).

The key facts are as follows. Appellants filed their lawsuit on July 15, 2013, the last day of the applicable statute of limitations. They did nothing to effectuate service until October 18, 2013, when they mailed the complaint to the sheriff for service. On July 16, 2013, Mr. Whitworth was expressly

informed that Mr. McCarroll would not accept service of process on behalf of the Serfass family. Mr. McCarroll, the insurer's lawyer, was the only person whom Appellants actually notified about the filing of the complaint.

We begin with a discussion of the seminal case in this area of the law, *Lamp*, *supra*. Therein, the action was timely instituted by writ of summons on the last day of the applicable statute of limitations. The plaintiff's attorney did not forward the writ of summons to the sheriff's office for filing. Instead, the lawyer issued instructions to the prothonotary to issue the writ but then to hold it. The defendants were not served with original process until well after the statute of limitations had expired. Our Supreme Court noted that it was a "relatively common practice throughout the Commonwealth for attorneys to file a praecipe with the prothonotary to toll the statute of limitations but then, whether because settlement negotiations are in progress or because more time is needed to prepare the case, to delay or prevent service upon the defendant." *Lamp*, *supra* at 886.

The *Lamp* Court recognized that the mechanism for service of original process varied from county to county. Sometimes the prothonotary would forward the writ or complaint to the sheriff for service and the plaintiff need not take further action. Other times, the plaintiff was responsible for taking the writ or complaint to the sheriff's office and completing the instructions and paying the fees for service. At the time of the *Lamp* decision, plaintiffs could delay service of process by issuing a hold with the prothonotary so

- 8 -

that the prothonotary would not forward the process to the sheriff, issuing a hold with the sheriff asking that process not be served, failing to forward the original process to the sheriff for service, or neglecting to pay the sheriff's fees for service. *Id*.

Our Supreme Court in *Lamp* was tasked with deciding whether the statute of limitations was tolled when, although a lawsuit was timely filed, the plaintiff failed to make any effort to serve the defendant. It interpreted the language of the precursor to Pa.R.C.P. 401, which was identical to the current rule, and concluded that neither that language nor the court's prior decisions permitted it to rule that the plaintiff's "'issue and hold' instructions to the prothonotary upon filing her praecipe nullified the commencement of her action and caused it to be barred by the statute of limitations." *Id*. The court noted that the rule in question plainly provided that an action was commenced upon the filing of a writ or complaint regardless of when orginal process is served.

Nevertheless, our High Court determined that there was "too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." *Id*. at 888. It also found "that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the

processes of justice as speedy and efficient as possible." ***Id***. at 888-89 (footnotes omitted).

The ***Lamp*** Court announced a new, prospective rule of law, and held that, in any action instituted after its decision was filed, "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." ***Id***. (footnote omitted). Our High Court continued that the statute of limitations will not be tolled unless a plaintiff complies "with local practice as to the delivery of the writ to the sheriff for service." ***Id***. It ruled that if, under local practice, the prothonotary prepares the writ and delivers it to the sheriff, "the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of the action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure." ***Id***. The Court continued, "Otherwise, the plaintiff shall be responsible for prompt delivery of the writ to the sheriff for service." ***Id***.

In ***Farinacci v. Beaver County Industrial Development Authority***, 511 A.2d 757 (Pa. 1986), the Court applied ***Lamp*** to a situation where an action was filed on the last day of the applicable statute of limitations "but, through plaintiff's counsel's inadvertence, service of the writ could not be effected within 30 days of its issuance." ***Id***. at 758. Therein, the lawyer filed a lawsuit and paid for the writ, but lost the file. After the file

was found and returned to him eight or nine days later, counsel forgot to pay the service fees and give instructions on service to the sheriff. One month later, the attorney forwarded the fee and instructions to the sheriff. Service was made two weeks thereafter. The trial court dismissed the case due to the lawyer's failure to pay the sheriff's fee and give that office instructions within thirty days of the filing of the action.

The *Farinacci* Court affirmed, ruling first that the trial court determines, in its discretion, whether a good-faith effort was made to serve the defendant. Our Supreme Court noted that the the thirty-day delay in requesting service after the file was returned to the lawyer was "attributable only to counsel's faulty memory." *Id*. at 760. It continued, "As plaintiffs have failed to provide an explanation for counsel's inadvertence which could substantiate a finding that plaintiffs made a good-faith effort to effectuate service of the writ, we are constrained to hold" that the trial court's order granting the preliminary objections and dismissing the case "was not an abuse of discretion, and was therefore proper." *Id*.

Our Supreme Court more recently examined the *Lamp* decision in *McCreesh v. City of Philadelphia*, 888 A.2d 664 (Pa. 2005). It observed therein that there were two lines of cases interpreting *Lamp*. One demanded strict compliance with the rules of civil procedure, continual efforts at service, and consistent reissuance of process in a timely manner. The other line of case authority allowed for a more flexible approach,

permitting an action to continue where there was actual notice to the defendant of the pending action and an attempt at proper service. The *McCreesh* Court announced it would adopt the latter line of cases and that it would excuse "**procedurally defective service** where **the defendant has actual notice** of the commencement of litigation and is not otherwise prejudiced[.]" *Id*. at 666 (emphases added).

Therein, the plaintiff was allegedly injured by a falling tree owned by the City of Philadelphia, where service of process can be effectuated by any competent adult. Two days before the statute of limitations ran, the action was commenced by writ, which was immediately sent by certified mail to the City's law department. The receptionist for the law department signed the certified mail receipt. Thus, the City had actual notice of the suit and plaintiff had made an effort to serve process.

Nearly three months later, the plaintiff filed a complaint and obtained another writ; both documents were then hand delivered to the City law department. Philadelphia filed preliminary objections arguing that it was not properly served with process before the statute of limitations expired. Our Supreme Court held that the defective service by certified mail was a good faith effort to serve the process. It also noted that the defendant had actual notice of the lawsuit. It ruled that dismissal under *Lamp* was not warranted. Our High Court continued that dismissal under *Lamp* is warranted only when there was an intent to stall the judicial machinery or

the failure to comply with the rules of civil procedure prejudiced the defendant. *Id*. at 674.

In ***Englert v. Fazio Mechanical Services, Inc.***, 932 A.2d 122 (Pa.Super. 2007), the case was dismissed under ***Lamp***, we affirmed, and our Supreme Court remanded for reconsideration under ***McCreesh***. Upon remand, we again upheld the trial court's dismissal. Therein, the plaintiffs brought their action against the defendant corporation within the statute of limitations. The sheriff attempted service, but the defendant had moved six months before the writ issued. The sheriff sent plaintiffs' counsel a return indicating no service was made and providing plaintiffs with the defendant's new address. In the meantime, plaintiffs' counsel moved his law office and experienced failed mail deliveries. The lawyer never checked to ascertain that service was made and instead waited for the sheriff's return. Counsel then reissued the writ six days after the statute of limitations expired and obtained service.

Therein, we observed, "It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of ***Lamp*** will apply." *Id*. at 124. Rather, "neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in ***Lamp*** to bear." *Id*. Therefore, unintentional conduct can constitute a lack of good faith. *Id*. at 124-25.

We concluded in **Englert** that the trial court did not abuse its discretion in finding a lack of good faith efforts to serve process therein. Our affirmance rested on the lawyer's failure to determine if service was made when there were problems with mail delivery to the law office. The **Englert** panel stated that the lawyer's "**inaction** demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused." **Id**. at 127 (emphasis added).

As to the present case, the **Farinacci** decision is directly on point. There simply was no effort to obtain service over the Appellees herein for three months. It was Mr. Whitworth's responsibility to forward the complaint to the sheriff's office for service. He admittedly did not perform that action until October 18, 2013, over three months after the statute of limitations expired on July 15, 2013. There was no excuse for this neglect since Mr. McCarroll clearly informed Mr. Whitworth that Mr. McCarroll would not accept service of process on behalf of the Serfass family. **McCreesh** indicates dismissal is warranted when there is either an intent to stall the judicial machinery or prejudice. **Lamp** and **Farinacci** hold that intent to stall the judicial machinery is present when the plaintiff does not forward process to the sheriff in order to effectuate service. **Englert** reaffirms that, after **McCreesh**, inaction constitutes stalling the judicial machinery. Herein, there was inaction for over three months. There was never a good faith but procedurally defective attempt at service, as there was in **McCreesh**.

Hence, we must conclude that the trial court did not abuse its discretion in concluding that Appellants did not make a good faith effort to serve process and that dismissal under *Lamp* and its progeny was appropriate.

Appellants contend that defense counsel appointed by the insurance company represents the insured in the lawsuit, and assert, that "Actual notice of the suit to the insurance company or to the defense counsel appointed by the insurance company is actual notice to the insured." Appellants' brief at 32. Appellants note that an insurer becomes the agent for its insured in connection with the handling of litigation covered by the policy. They then rely upon the general principle that notice to an agent is sufficient to provide notice to the principal. Appellant's brief at 35.

However, notice to an insurance company's lawyer of the filing of original process is insufficient to toll the statute of limitations when there has been no good faith effort to serve process on the actual defendants. *Cahill v. Schults*, 643 A.2d 121 (Pa.Super. 1994) (affirming dismissal under *Lamp* and holding that sending, by certified mail, a copy of complaint to insurer's lawyer did not constitute service on insured); *Schriver v. Mazziotti*, 638 A.2d 224 (Pa.Super. 1994), *abrogated on other grounds by McCreesh*, *supra* (sending insurance company's attorney a copy of a complaint is not a good faith effort to serve process on the insured); *Ferrara v. Hoover*, 636 A.2d 1151, 1153 (Pa.Super. 1994) ("We find no merit in the contention

communication between [plaintiff] and [defendants'] insurance adjuster serves as a substitute for actual service of process.").

Sending original process to an insurer's lawyer by fax does not constitute a good faith effort to effectuate service on the insured under the case law interpreting *Lamp*. The fact that Mr. McCarroll and Penn National had actual notice of the lawsuit does not warrant reversal herein because Appellants made no effort to serve the complaint on the Serfass family for a period of over three months. We therefore reject Appellants' assertions, peppered throughout their brief, that reversal in this case is warranted based upon the fact that Penn National and its counsel had actual notice of the suit.

Appellants' second contention is as follows. The August 1, 2013 letter from Mr. McCarroll to the prothonotary constituted an entry of appearance under Pa.R.C.P. 1012(a) and eliminated the need for service on the Serfass family under Pa.R.C.P. 401. Appellants note that, in the letter, Mr. McCarroll stated that he represented the Serfass family.

The first flaw with this argument is that a letter to a prothonotary bears no resemblance to the form outlined for entry of appearance.[1]

_____

[1] Pa.R.C.P. 1012(f)(1) states:

> The entry of appearance under subdivision (a) shall be substantially in the following form:

*(Footnote Continued Next Page)*

Additionally, the letter was not docketed and filed of record by the

*(Footnote Continued)* ─────────────────

**Caption**

**Praecipe for Entry of Appearance**

To the Prothonotary:

Enter my
appearance on
behalf of

_____

(Plaintiff/Defendant/Additional Defendant)

Papers may be served at the address set forth below.

_____

Attorney for Party Named Above and
Identification Number

_____

Firm

_____

Address

_____

City, State, Zip Code

_____

Telephone Number

_____

Fax Number for Service of Papers
(Optional)

Date: _____          _____

Signature

prothonotary. A copy of the letter was not sent to Appellants, even though notice of entry of appearance must be given to all parties. Finally, Mr. McCarroll, after the complaint was served on Appellees, actually filed an entry of appearance. Simply put, an informal letter to a prothonotary does not constitute an entry of appearance.

Thus, Appellant's second argument's factual premise, that a letter constitutes an entry of appearance, is faulty. Moreover, Appellants incorrectly maintain that the law provides that an entry of appearance obviates the need for actual service of process. Appellants' brief at 42. Pa.R.C.P. 1012(a) states (emphasis added):

> A party may enter a written appearance which shall state an address at which pleadings and other legal papers may be served in the manner provided by Rule 440(a)(1) and a telephone number. The appearance may also include a telephone facsimile number as provided in Rule 440(d). **Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue**. Written notice of entry of an appearance shall be given forthwith to all parties.

Thus, Appellants' legal position is contrary to the express language of Rule 1012(a) that entry of an appearance does not result in a waiver of any objections to jurisdiction. Appellants also rely upon non-contextual quotes in inapposite cases. For example, Appellants cite to *Cinque v. Asare*, 585 A.2d 490 (Pa.Super. 1990), where we concluded that a trial court erred in granting summary judgment based upon defects in the service of process since those defects were waived. However, therein, waiver was premised

upon the fact that the defendant filed an answer to the complaint and other documents without filing preliminary objections to the manner of service. It is true that "one can waive service of process by various means, and become a party to a suit by voluntary appearance," *Peterson v. Philadelphia Suburban Transp. Co.*, 255 A.2d 577, 583 (Pa. 1969); however, the filing of an entry of appearance form under Pa.R.C.P. 1012 has never been construed as waiving defects in service. Indeed, we have expressly stated, "A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (**beyond merely entering a written appearance**) going to the merits of the case, which evidences an intent to forego objection to the defective service." *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa.Super. 2004) (citation and quotation marks omitted; emphasis added). Thus, even if the August 1, 2013 letter was an entry of appearance, which it was not, it did not absolve Appellants of the responsibility to obtain jurisdiction over the Serfass family by serving them with process.

Appellants' final position is that Mr. McCarroll made judicial admissions that he represented the Serfass family as of July 15, 2013. They suggest that sending the complaint to Mr. McCarroll, as the Serflass family's personal lawyer, was sufficient to satisfy their obligations under *Lamp*. We disagree. Assuming Mr. McCarroll was the personal attorney for the Serfass family, we disagree with the proposition that mailing a copy of a complaint to a party's lawyer after that lawyer has said he would not accept service is sufficient to

invoke **McCreesh**.  Notice of the filing of a lawsuit, standing alone and with no concomitant attempt at proper service of the original process under the rules of civil procedure, does not fall within the parameters of that decision.[2]

Order affirmed.

Judge Allen joins this memorandum.

Judge Donohue files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

---

[2] Hence, we reject a new position raised in Appellants' reply brief.  That claim is that the Serfass family had "inquiry notice" of this lawsuit.