636 A.2d 1151

**John C. FERRARA, Appellant,**

**v.**

**Jeffrey HOOVER and U.S. Cargo & Courier.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1993.

Filed Jan. 19, 1994.

Joseph A. Grappone, Asst. Public Defender, Altoona, for appellant.

Anthony J. Williott, Pittsburgh, for appellees.

Before TAMILIA, HUDOCK and CERCONE, JJ.

TAMILIA, Judge:

This appeal is taken from the Order of May 13, 1993 granting appellee's motion for judgment on the pleadings and dismissing appellant's action with prejudice. We affirm.

The parties were involved in an automobile accident on April 9, 1990 in Altoona, Blair County, which allegedly result-

ed in personal injuries to plaintiff/appellant. Appellant filed a praecipe for writ of summons on January 14, 1992, and a writ was issued that day. That writ, however, was never served on appellees. Thereafter, by Order dated June 15, 1992, the Honorable Norman D. Callan of the Court of Common Pleas of Blair County notified counsel for appellant that the court's review of the docket indicated 120 days had elapsed since writ of summons was filed and a complaint had not been filed. Pursuant to Rule 1901 of the Pennsylvania Rules of Judicial Administration, the court indicated the matter would be dismissed if appellant did not file a complaint by July 15, 1992. Appellant filed a praecipe to reissue the writ of summons on June 25, 1992, and on July 15, 1992, appellant filed a complaint in this matter. On August 4, 1992, appellee, Jeffrey Hoover, was served with the writ of summons and the complaint. On October 28, 1992, counsel accepted service of the complaint on behalf of appellee, U.S. Cargo & Courier. Following appellees' answer and new matter, and appellant's reply to new matter, appellees filed a motion for judgment on the pleadings.[1] The trial court granted appellees' motion for judgment on the pleadings on the basis that appellants' lack of timely and proper service of the writ resulted in the action being time barred.

On appeal, appellant presents several arguments, the sum of which contends that the trial court erred in granting appellee's motion for judgment on the pleadings.

The starting point for our review is the now well-established case of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). In *Lamp*, the Supreme Court sought to eliminate the abuse and unfairness in what had become a relatively common practice whereby attorneys filed a praecipe with the prothonotary to toll the statute of limitations and then kept an action alive for an indefinite period without proper notice to a defendant and then having the writ reissued in a timely

---

1. Although the docket indicates oral argument was scheduled for March 22, 1993, our review of the record discloses no transcript of any hearing, and neither the trial court nor the parties makes any reference to oral argument in this matter.

fashion without attempting to effectuate service. The Court's purpose was "to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Id.* at 889, 366 A.2d at 889. The *Lamp* rule developed that, "[t]he mere filing of a praecipe for a writ of summons, without additional affirmative action to effect service of the writ, does not constitute a good faith effort to notify a defendant that he is being sued, and therefore is not sufficient to toll the statute of limitations and preserve a cause of action." *Feher by Feher v. Altman,* 357 Pa.Super. 50, 53, 515 A.2d 317, 318 (1986), *alloc. den.,* 515 Pa. 622, 531 A.2d 430 (1987). In *Lamp,* the Court held that a cause of action will remain effective only if the plaintiff "refrains from a course of conduct that serves to stall in its tracks the legal machinery that he has just set in motion." *Id.* at 478, 366 A.2d at 889. Following *Lamp* and its progeny, our courts have held that a plaintiff's "failure to make a good faith effort to notify the defendant will serve to nullify both the commencement of the action and the tolling of [the] statute of limitations." *Collins v. Greene County Memorial,* 419 Pa.Super. 519, 525, 615 A.2d 760, 762 (1992).

■ Appellant argues his actions in this case did not amount to bad faith. "However, it is not necessary the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear." *Rosenberg v. Nicholson,* 408 Pa.Super. 502, 509–510, 597 A.2d 145, 148 (1991), *alloc. den.,* 530 Pa. 633, 606 A.2d 903 (1992) (citations omitted). *See also Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986) (mere inadvertence by counsel enough to implicate *Lamp* ).

■ Appellant contends that *Lamp* is inapplicable to this case, as appellant complied with the local custom of Blair County when he filed the praecipe for writ of summons and

paid the service fee, assuming the prothonotary would, or did, forward the writ to the sheriff for service. Appellant argues that because either the prothonotary or sheriff is responsible for the defective service, the *Lamp* prohibition does not attach. We disagree.

As the trial court found, appellant's inaction from January 14, 1992, when the writ of summons was issued, until June 25, 1992, when appellant discovered the writ was never served, is fatal to appellant's case. The two-year statute of limitations ran on April 9, 1992, rendering moot appellant's further action in June, 1992. *See* Slip Op., Callan, J., 5/20/93. "Thus, although appellants' counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant on notice that an action had been filed against him." *Feher*, *supra*, at 56, 515 A.2d at 320. We find appellant's actions in this case neglectful and unreasonable, and clearly within the prohibition of *Lamp* and its progeny, despite that his actions did not constitute bad faith.

Appellant additionally argues appellees were not prejudiced and none of their substantial rights were affected, as appellees' liability carrier was aware of the accident and had made a settlement offer to appellant. We find no merit in the contention communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process. Appellees have a reasonable expectation to assure that once the statute of limitations has run they will no longer shoulder the burden of possible litigation.

For the above reasons, we find the trial court committed no error of law in entering judgment on the pleadings in favor of appellees, and dismissing appellant's action with prejudice, and we affirm the Order of May 13, 1993.

Order affirmed.