J-S47016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TODD PHILLIPS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRIPLE G. FARMS, INC., D/B/A | : | No. 514 MDA 2019 |
| FOXCHASE GOLF CLUB; DOUGLAS S. | : | |
| GRAYBILL AND SUSAN A. GRAYBILL, | : | |
| EXECUTORS OF THE ESTATE OF | : | |
| IRVIN G. GRAYBILL AND DOUGLAS | : | |
| S. GRAYBILL, D/B/A TRIPLE G | : | |
| FARMS; AND GREGORY DISSINGER | : | |

Appeal from the Order Entered March 11, 2019
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-17-04051

BEFORE: DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED OCTOBER 22, 2019**

Appellant Todd Phillips appeals from the order sustaining the preliminary

objections filed by Appellees Triple G. Farms, Inc., doing business as Foxchase

Golf Club, Douglas S. Graybill and Susan A. Graybill, as executors of the estate

of Irwin G. Graybill and Douglas S. Graybill, doing business as Triple G. Farms,

Inc. (collectively, Foxchase), and Gregory Dissinger.[1]  Appellant contends that

the trial court erred in dismissing his suit because he made a good faith effort

---

[1] We collectively refer to Foxchase and Mr. Dissinger as Appellees.

to serve the writ of summons and had no intention to stall the judicial process. We affirm.

We state the facts according to Appellant's complaint. On May 8, 2015, Mr. Dissinger was playing golf at Foxchase Golf Club, owned and operated by Foxchase. That same day, Appellant was also playing golf. Appellant alleged that Mr. Dissinger "violated the rules of golf by failing to wait until [Appellee] had cleared the green before hitting his golf ball from the tee." R.R. at 16a.[2] Appellant claims that as a result, Mr. Dissinger's ball struck Appellant. *Id.*

Specifically, Appellant claimed Foxchase was negligent by, among other things, "permitting golfers to hit golf balls while others were still on the fairway." *Id.* at 17a-20a. Appellant alleged Foxchase failed "to provide marshals for the tournament" who would have enforced the rules of golf. *Id.* Appellant also sued Mr. Dissinger for negligence because, by failing to "abide by the rules of golf," Mr. Dissinger hit a golf ball into Appellant. *Id.* at 21a-22a. As a result, Appellant claimed he suffered a broken leg.

On May 21, 2015, Appellant's counsel notified Foxchase and advised Foxchase that they should "communicate with [their] insurance carrier immediately so that we may discuss settlement negotiations." *Id.* at 124a. On June 2, 2015, Foxchase's insurer sent a letter to Appellant's counsel

---

[2] We cite to the reproduced record for the parties' convenience.

acknowledging counsel's representation and requesting additional information for its investigation. *Id.* at 120a.

On April 27, 2017, shortly before the statute of limitations expired, Appellant filed a writ of summons and requested that the prothonotary forward the writ to the sheriff. *Id.* at 2a. The statute of limitations expired on May 8, 2017. The record reflects no activity until December 4, 2017, when Appellant filed a *praecipe* to reissue the writ of summons, which again asked the prothonotary to forward the writ to the sheriff for service. *Id.* at 4a. The sheriff filed its return of service on December 27, 2017. *Id.* at 6a. Subsequently, Dissinger's insurer sent two letters, dated January 9 and February 1, 2018, discussing its ongoing investigation and determination that it would not pay Appellant. *Id.* at 121a-22a.

Appellant ultimately filed his complaint on September 13, 2018. *Id.* at 12a-26a. On September 19, 2018, Mr. Dissinger filed preliminary objections objecting to Appellant's writ because it was untimely served. On September 27, 2018, Foxchase filed preliminary objections, as well, generally incorporating Mr. Dissinger's preliminary objections by reference. Appellant filed a response in opposition and the trial court held oral argument on February 28, 2019.

On March 11, 2019, the trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice.[3] Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues:

[1.] Whether the trial court erred in sustaining [Appellees'] preliminary objections based on insufficient service of the writ of summons.

[2.] Whether the trial court erred in sustaining [Appellees'] preliminary objections where [Appellees] have failed to establish prejudice from the insufficient service.

Appellant's Brief at 3.

We summarize the arguments in support of both of Appellant's issues together. Initially, Appellant argues that he served Appellees in good faith. *Id.* at 8. He maintains that because he "has not demonstrated an intent to stall the judicial machinery," and has complied with the rules of civil procedure, the trial court should not have dismissed his complaint. *Id.* Appellant contends that when he filed the writ of summons on April 27, 2017, the writ instructed the prothonotary to forward the writ to the Lancaster County Sheriff's office for service on Appellees. *Id.* at 8-9. According to Appellant, the writ was never forwarded to the sheriff and he never received notice that service was incomplete. *Id.* at 9. Appellant adds that because he

---

[3] The opinion and order, dated March 8, 2019, was served on March 11, 2019.

"maintained communications and contact with" Appellees, he provided "notice of the action," and thus, Appellees suffered no prejudice. *Id.* at 9, 11-12.

In *Am. Interior Const. & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509 (Pa. Super. 2019), this Court stated that "[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Benjamin's Desk*, 306 A.3d at 512.

By way of guidance, Pennsylvania Rule of Civil Procedure 405 addresses non-service of original process:

> (a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.
>
> *      *      *
>
> (e) The return of service or of no service shall be filed with the prothonotary.
>
> *      *      *
>
> (g) The sheriff upon filing a return of service or of no service shall notify by ordinary mail the party requesting service to be made that service has or has not been made upon a named party.

Pa.R.C.P. 405(a), (e), (g).[4]  In other words, notice of service or non-service must be promptly filed.  ***Id.***; ***see also*** Pa.R.C.P. 401 (stating that original process must be served within thirty days after issuance of the writ).

In resolving the question of proper service, the ***Benjamin's Desk*** Court summarized the two cases of ***McCreesh v. City of Phila.***, 888 A.2d 664 (Pa. 2005), and ***Lamp v. Heyman***, 366 A.2d 882 (Pa. 1976), as follows:

> In ***McCreesh*** . . . , the plaintiff filed a timely *praecipe* to issue a writ of summons against Philadelphia.  The plaintiff mailed the writ of summons via certified mail to Philadelphia's Law Department. . . .  In pertinent part, Philadelphia filed preliminary objections asserting that delivery of the writ by certified mail in August 2002 did not comply with Pa.R.C.P. 400.1, which requires original process in actions commenced in Philadelphia to be served by either the sheriff or a competent adult. . . .
>
> The Pennsylvania Supreme Court granted review to resolve inconsistent holdings by the intermediate appellate courts, which sometimes dismissed cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply with the rules.  After reviewing the conflicting caselaw, the ***McCreesh*** Court held that the Commonwealth Court's holding was
>
> > incompatible with the plain language of Rule 401, the spirit of ***Lamp*** . . . , and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties.  In ***Lamp***, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.

---

[4] As the Commonwealth Court observed, "[p]roper service is not presumed; rather, the return of service itself must demonstrate that the service was made in conformity with the Pennsylvania Rules of Civil Procedure."  ***City of Phila. v. Berman***, 863 A.2d 156, 160 (Pa. Cmwlth. 2004) (citation omitted).

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of . . . cases, which, applying **Lamp**, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

**Benjamin's Desk**, 206 A.3d at 513-14 (citations and quotation marks omitted).

Nonetheless, the **McCreesh** Court imposed an evidentiary burden on the plaintiff:

> We subtly altered our holding in **Lamp** in **Farinacci** [**v. Beaver Co. Indus. Dev. Auth.**, 511 A.2d 757 (Pa. 1986)], requiring plaintiffs to demonstrate a good-faith effort to effectuate notice of commencement of the action. In announcing this refinement to the **Lamp** rule, we acknowledged that the good faith requirement is not apparent from a reading of the rule itself, but rather, satisfied the stated purpose of our decision in **Lamp** which was to avoid the situation where a plaintiff can retain exclusive control over litigation by not making a good faith effort to notify the defendant. We held that **determining whether a plaintiff acted in good faith lies within the sound discretion of the trial court.** Therefore, noting that plaintiffs are required to comply with local practice to ensure, insofar as they are able, prompt service of process, we affirmed the trial court's decision to dismiss the complaint where the plaintiff failed to deliver the writ to the sheriff as required by local practice and consequently delayed service upon the defendant for over a month.

**McCreesh**, 888 A.2d at 672 (citations omitted and some formatting altered).

In sum, the burden is on the plaintiff to make "a good faith effort to effectuate service." **Englert v. Fazio Mech. Servs., Inc.**, 932 A.2d 122, 124 (Pa. Super. 2007); **accord McCreesh**, 888 A.2d at 672. Communication between

- 7 -

a plaintiff and an insurance adjuster, however, does not serve "as a substitute for actual service of process." *Ferrara v. Hoover*, 636 A.2d 1151, 1153 (Pa. Super. 1994) (holding, "We find no merit in the contention communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process."); *accord Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 798 (Pa. Super. 1999).

In determining whether the plaintiff acted in good faith, the *Englert* Court explained:

> It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.
>
> Although there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts [to effectuate service] were reasonable.

*Englert*, 932 A.2d at 124-25 (citations omitted and some formatting altered).

For example, in *Ferrara*, the plaintiff filed a writ of summons but it was never served on the defendants. *Ferrara*, 636 A.2d at 1151. The plaintiff ultimately reissued the writ and served it six months later, which was after the statute of limitations had expired. *Id.* The defendants succeeded in dismissing the lawsuit on the basis of untimely service. *Id.* at 1152.

The ***Ferrara*** plaintiff appealed, arguing that when he initially filed the writ, he assumed "the prothonotary would, or did forward the writ to the sheriff for service." ***Id.*** The plaintiff asserted that because "either the prothonotary or sheriff" was at fault, the trial court erred in dismissing the lawsuit. ***Id.*** The plaintiff insisted he did not act in bad faith. ***Id.*** The ***Ferrara*** Court disagreed, holding that although the plaintiff's "counsel did not actively attempt to thwart service of the writ, he also did not take any affirmative action to see that the writ was served and to put the defendant[s] on notice that an action had been filed against" them. ***Id.***

Here, like the plaintiff in ***Ferrara***, Appellant obtained the writ of summons on April 27, 2017, and purportedly instructed the prothonotary to forward the writ to the Lancaster County Sheriff's office to serve the writ on Appellees. ***See id.*** at 1151. As with the ***Ferrara*** plaintiff, Appellant assumed the Lancaster County prothonotary would forward the writ to the sheriff for service.[5] ***See id.*** Identical to ***Ferrara***, Appellant "did not take any affirmative action to see that the writ was served" and put Appellees on notice of a lawsuit. ***See id.*** at 1152. Appellant knew or should have known that original process must be served within thirty days after issuance of the writ of summons. ***See*** Pa.R.C.P. 401; ***see also Ferrara***, 636 A.2d at 1152.

---

[5] The trial court has observed that the Lancaster County prothonotary does not forward writs to the sheriffs. Trial Ct. Op. at 7 n.3.

Appellant should have, like the plaintiff in *Ferrara*, followed up upon not receiving a copy of any notice of service or non-service. *See Ferrara*, 636 A.2d at 1152; *see generally* Pa.R.C.P. 405; *Englert*, 932 A.2d at 124-25. Instead, similar to the *Ferrara* plaintiff, the record establishes Appellant did not follow up until seven months later, when Appellant obtained a reissued writ on December 4, 2017. *See Ferrara*, 636 A.2d at 1151. Appellant, like the plaintiff in *Ferrara*, has not explained the lapse in time.

Moreover, to the extent that Appellant argues Appellees had actual notice of the lawsuit, he is incorrect. Initially, Appellant's counsel's May 21, 2015, and June 2, 2015 correspondence reflects the typical pre-litigation communications between an insurer and plaintiff's counsel. *See* R.R. at 120a, 124a. The May 21, 2015 letter to Foxchase from Appellant's counsel suggests settlement and not a lawsuit. *See id.* at 124a. The June 2, 2015 letter merely advises Appellant's counsel that Foxchase's insurer is investigating the claim and requests counsel's theory of liability. *Id.* Similar to *Ferrara*, such correspondence between Appellant and Appellees' insurance adjuster does not serve "as a substitute for actual service of process." *See Ferrara*, 636 A.2d at 1153; *see also Benjamin's Desk*, 206 A.3d at 513-14. Indeed, Appellant had not even filed a writ at the time of the May 21 or June 2, 2015 correspondence.

Furthermore, the other two letters from Dissinger's insurer, dated January 9 and February 1, 2018, post-date Appellant's December 11, 2017

service of the writ. **See** R.R. at 121a-22a. Neither letter could establish Appellees, let alone Dissinger, had actual notice of Appellant's lawsuit prior to the expiration of the statute of limitations. **See Benjamin's Desk**, 206 A.3d at 513-14. For these reasons, because the trial court did not abuse its discretion, we affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019