J-A25016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMES C. WILLIAMS, M.W., A MINOR, BY JAMES C. WILLIAMS, GUARDIAN AND FATHER, AND J.W., A MINOR, BY JAMES C. WILLIAMS, GUARDIAN AND FATHER | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : : | No. 2083 MDA 2019 |
| HUNTER SHANNON AND JOHN PRESTON SHANNON | : : | |

Appeal from the Order Entered November 26, 2019
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2017-08018 Civil

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED MAY 21, 2021**

Appellant, James C. Williams, appeals from an order entered on November 26, 2019 in the Civil Division of the Court of Common Pleas of Cumberland County.[1] We affirm.

_____

[1] Appellant filed a complaint against Hunter Shannon and John Preston Shannon (collectively "the Shannons"), asserting claims on his own behalf and on behalf of his two minor children, M.W. and J.W. On April 5, 2019, the trial court entered summary judgment in favor of the Shannons and against Appellant on the claims Appellant asserted on his own behalf. Thereafter, on November 26, 2019, the trial court entered an order that approved settlements on behalf of the minor children, M.W. and J.W. Since the order entered on November 26, 2019 disposed of all remaining claims against all parties, that order constitutes a final order over which this Court may exercise jurisdiction. **_See_** Pa.R.A.P. 341(a) and (b) (providing that appeals may be taken as of right from a trial court's final order, defined as an order that

We briefly summarize the relevant facts and procedural history of this case as follows. On August 20, 2015, Appellant and his two minor children were involved in a car accident with a vehicle operated by Hunter Shannon[2] in Cumberland County, Pennsylvania. Appellant filed a praecipe for writ of summons against the Shannons on August 17, 2017. Upon review of the record, and relevant to the current appeal, counsel for Appellant and an adjuster from Nationwide Insurance (Nationwide), the Shannon's insurance carrier, communicated regarding potential litigation. On August 22, 2017, counsel for Appellant sent an email to Nationwide and attached a copy of the writ of summons. Nationwide, in turn, sent a letter to John Preston Shannon dated August 22, 2017, stating that a lawsuit may be filed against him.[3] Appellant thereafter filed a praecipe to reissue the writ of summons, which reissued on March 3, 2018. On March 29, 2018, Appellant filed a complaint. Appellant subsequently filed amended complaints on April 25, 2018 and May 21, 2018. The Shannons filed preliminary objections to all three complaints.

_____

disposes of all claims and of all parties); **see also** 42 Pa.C.S.A. § 742 (conferring jurisdiction in Superior Court over appeals from final orders entered in the courts of common pleas). The minor children are not parties to the current appeal.

[2] John Preston Shannon owned the car that his son, Hunter Shannon, was driving at the time.

[3] There is no evidence that the writ sent to Nationwide was actually forwarded to the Shannons. In fact, as will be discussed, there is no record evidence that the Shannons ever received the writ of summons or a copy thereof.

On August 28, 2018, the Shannons filed an answer and new matter to Appellant's second amended complaint. In September 2018, the Shannons sent Appellant requests for admissions. In response, Appellant admitted that he did not forward the writ of summons to the sheriff for service.[4]

On November 16, 2018, the Shannons filed a motion for partial summary judgment, arguing they were entitled to relief as a matter of law with regard to Appellant because the statute of limitations barred his claims.[5] Appellant filed a response on February 14, 2019.[6] The trial court heard argument on February 15, 2019. On April 5, 2019, the trial court granted

_____

[4] Moreover, there is no record evidence that Appellant properly served the Shannons with the writ of summons after Appellant's admission.

[5] The Shannons' motion asserted that because the accident occurred on August 20, 2015 and because a two year limitations period, pursuant to 42 Pa.C.S.A. § 5524, applied to the claims asserted on behalf of Appellant, the complaint filed on March 29, 2018 fell outside the statutory filing period. There is no dispute that the children's cause of action remained viable (at this time) because the statute of limitations did not bar those claims. *See* 42 Pa.C.S.A. § 5533(b)(1)(i) ("If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others[.]").

[6] In his response, Appellant argued that a copy of the writ of summons had been provided to Nationwide and that Nationwide had notified the Shannons of pending litigation. Appellant's Brief in Opposition to Partial Summary Judgment, 2/14/2019, at *4 (unpaginated). Appellant asserted that "as sufficient facts exist to show that the [Shannons] received notice of the filing of the lawsuit, [Appellant] has not acted with intent to stall the judicial machinery, discovery is ongoing and the [Shannons] cannot establish prejudice, as a matter of law." *Id.* at *7.

partial summary judgment, by order and accompanying opinion, and entered judgment solely against Appellant and in favor of the Shannons.

The trial court ultimately determined:

In the instant case, [Appellant] did not make a good faith effort to effectuate original service of process upon the [Shannons]. Instead of providing [the Shannons] with notice of the writ [of summons] within thirty days of its issuance [as required by statute], Plaintiff only notified Nationwide[, the Shannons' insurance carrier,] of the writ's existence. […Appellant] did not provide [the Shannons] with notice of the commencement of the action until well after the statute of limitations expired.

[Appellant] argues that [the Shannons] had actual notice because Nationwide communicated to [the Shannons], through a letter dated August 22, 2017, that there was a potential for litigation. Past precedent, however, rejects this argument.

\*            \*            \*

In the instant case, [Appellant's] act of [forwarding] the writ of summons to Nationwide did not put the [Shannons] on actual notice because Pennsylvania law holds that communication with an insurance adjuster does not serve as a substitute for actual service of process on [named d]efendants.

Trial Court Opinion, 4/5/2019, at 4-5. The trial court further opined that, without actual notice to the Shannons, it was unnecessary to determine, pursuant to **McCreesh v. City of Philadelphia**, 888 A.2d. 664, 674 (Pa. 2005), whether noncompliance with the procedural rules resulted in prejudice to the Shannons or whether Appellant demonstrated an intent to stall the judicial machinery. **Id.** at 3 and 6. Accordingly, the trial court granted the Shannons' motion for partial summary judgment and entered judgment in their favor against Appellant. **Id.** at 6.

Thereafter, in separate orders entered on November 25, 2019 and November 26, 2019, the trial court approved settlements for the minor children. This timely appeal followed.[7]

After the parties filed appellate briefs with this Court, on March 25, 2021, the Pennsylvania Supreme Court decided *Gussom v. Teagle*, WL 1134538 (Pa. 2021). On March 25, 2021, the Shannons applied for leave with this Court to file a supplemental brief addressing *Gussom*. We granted relief by *per curiam* order entered on March 29, 2021. Thereafter, both parties filed timely supplemental briefs with this Court. As such, this case is now ripe for disposition.

In his initial brief on appeal, Appellant presents the following issue for our review:

> Whether, based upon the facts of record, the [trial c]ourt erred in failing to resolve all doubts in favor of [Appellant], the non-moving party, determining that no issue of material fact remained, such that summary judgment could be granted where discovery was ongoing, there were facts of record that indicated that the Shannons had notice of the filing of the lawsuit, [Appellant] did not demonstrate an intent to stall the judicial machinery, and the Shannons were not prejudiced pursuant to the test in *McCreesh v. City of Philadelphia*, [] 888 A.2d 664 ([Pa.] 2005)?

Appellant's Brief at 4.

_____

[7] Appellant filed a notice of appeal on December 26, 2019. On January 7, 2010, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 27, 2020. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on February 3, 2020 that relied upon the decision issued on April 5, 2019.

- 5 -

More specifically, in sum, Appellant argues:

Here, as the statute of limitations neared, [Appellant's] counsel and the [Shannons'] insurance adjuster agreed to file a writ of summons to permit the discussions to continue and with the intention that a lawsuit would not need to be filed, as the Shannons' insurance limits would likely be wholly inadequate to compensate [Appellant], and the limits did not make sense to litigate over. Pursuant to the adjuster's request, a copy of the [w]rit of [s]ummons was provided to her so that she could keep her insureds informed. On the same day as the e-mail forwarding the [w]rit, the insurance adjuster notified the Shannons of the pending lawsuit. After sharing the [w]rit, negotiations continued, and all medical records were provided to Nationwide in advance of the Shannons' discovery requests and subpoenas to [Appellant's medical] providers.

The [trial court's] conclusion fails to address the evidence of record when it concluded that notice was only given to the insurance adjuster, and no further. The record includes evidence that suggests that notice was provided to the Shannons by the insurance adjuster. This evidence allows for the simple inference that the Shannons were provided with actual notice of the commencement of the action.

The [trial court] concluded that, "[Appellant] only notified Nationwide of the writ's existence." However, the adjuster was not merely provided with notice that the [w]rit of [s]ummons was filed. As requested by the adjuster, a copy of the [w]rit of [s]ummons was provided to her, so that she could notify her insureds. On the same day that the adjuster received a copy of the [w]rit of [s]ummons, she did as she indicated that she would, she notified her insureds. Looking at the evidence of record, at best, the Shannons had actual notice of the initiation of the action; at worst, there is evidence of record that creates a material issue of fact, requiring that discovery should have continued, and if the issue remained, it could be addressed once discovery had concluded.

Medical records were provided, and settlement discussions continued throughout the entire period. There was no stalling of the judicial machinery by either party. This process continued until a new adjuster was assigned to the file, at which point the matter was handed over to [the Shannons'] counsel.

- 6 -

J-A25016-20

> The Shannons have never asserted any allegation of prejudice, and they could not have done so. Discovery continued with the Shannons receiving information from all medical providers of [Appellant], tax and financial records of [Appellant] and his wife, evidence of lost earning capacity, etc. Depositions were starting to be requested but were put off pending the results of the [m]otion for [p]artial [s]ummary [j]udgment.

*Id.* at 13-15.

In his supplemental appellate brief, Appellant maintains that **Gussom** "is not a controlling decision to this appeal, but rather, it supports that the Pennsylvania Supreme Court's [d]ecision in [**McCreesh**] is still the controlling authority to the facts of this matter[.]" Appellant's Supplemental Brief, 4/14/2021, at 1. More specifically, Appellant contends that the Shannons "had actual notice of the commencement of the action in the relevant timeframe" and, therefore, **Gussom** is inapplicable. *Id.* at 6. For the reasons that follow, we disagree.

This Court has previously determined:

> Our standard of review of the grant of a motion for summary judgment is well settled. We will only reverse the trial court's entry of summary judgment in instances where there was an abuse of discretion or an error of law by the trial court. Our scope of review is, however, plenary in nature.

> On review of an order granting summary judgment, we must determine whether the moving party has established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. In making this determination, we must examine the record in the light most favorable to the non-moving party, who is entitled to the benefit of all reasonable inferences. All doubts as to the existence of a factual dispute must be resolved in favor of the non-moving party and the entry of summary judgment is appropriate only in the clearest of cases.

*Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792, 795–796 (Pa. Super. 1999) (citations omitted). "Summary judgment is appropriate if a plaintiff's cause of action is barred by the statute of limitations." *Gojmerac v. Naughton*, 915 A.2d 1205, 1206 (Pa. Super. 2006).

In *Gussom*, our Supreme Court explained:

The Pennsylvania Rules of Civil Procedure ("Rules") allow a plaintiff to commence a civil action by filing either a praecipe for a writ of summons or a complaint. Pa.R.C.P. 1007. The Rules require a plaintiff to serve the defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. Pa.R.C.P. 401(a). If the plaintiff does not effectuate service within that time period, she can praecipe for reissuance of the writ or reinstatement of the complaint. Pa.R.C.P. 401(b)(1). So long as the plaintiff files her writ or complaint before the expiration of the statute of limitations applicable to her cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations.

In the seminal case of *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), [our Supreme] Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 665 (Pa. 2005). "This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." *Id.* Thus, in *Lamp*, [our Supreme] Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp*, 366 A.2d at 889. This "*Lamp* rule" applies equally to actions commenced by way of the filing of a complaint.

[T]he *Lamp* rule [was refined] in *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986), holding that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." In addition, *Farinacci* clarified that: (1) the plaintiff carries an evidentiary

- 8 -

burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant, **McCreesh**, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with **Lamp** is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" **Farinacci**, 511 A.2d at 759.

[Our Supreme] Court's most recent decision in the **Lamp**-line of cases is **McCreesh**, **supra**. In **McCreesh**, the [Supreme] Court expressed that when plaintiffs' improper actions in serving original process put defendants on actual notice of the commencement of actions, trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." **McCreesh**, 888 A.2d at 674.

**Gussom**, 2021 WL 1134538, at *1.

Ultimately, the **Gussom** Court concluded:

Prior to **Lamp**, a plaintiff could comply with the service requirements of the Rules of Civil Procedure and simultaneously undermine the purpose of the statute of limitations by initiating an action *via* the filing a writ prior to the expiration of the statute of limitations and continually reissuing that writ after the statute had run, all the while without serving notice on the defendant that the plaintiff had commenced an action. The **Lamp** Court substantially narrowed this avenue for potential abuse by holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." **Lamp**, 366 A.2d at 889. Stated more in the affirmative, **Lamp** requires plaintiffs to act diligently to meet their good-faith requirement to effectuate service of process upon defendants so as not to dilute the policies underlying the statute of limitations. **Id.** ("Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.").

[] **Farinacci** [] aided the bench and bar by further defining the contours of the **Lamp** rule. As noted **supra**, the **Farinacci** Court clarified that: (1) plaintiffs carry an evidentiary burden of proving

- 9 -

that they made a good-faith effort to ensure that notice of the commencement of actions was served on defendants, **McCreesh**, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with **Lamp** is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" **Farinacci**, 511 A.2d at 759. Importantly, [the] decision in **Farinacci** did nothing to lessen a plaintiff's burden to act diligently in promptly serving notice of the commencement of an action on a defendant so as not to thwart the purpose of the statute of limitations. Indeed, the **Farinacci** Court ultimately concluded that the plaintiff therein failed to establish a good-faith effort to serve a writ where a four-week delay in service was attributable to counsel's negligence in forgetting to take the necessary steps to effectuate service of the writ. **Id.** at 759-60.

[The] **McCreesh** [] Court sought to resolve a pattern of conflicting opinions from the intermediate courts. On the one hand, some of those decisions required plaintiffs to comply strictly with the rules regarding service to satisfy the **Lamp**-**Farinacci** good-faith requirement, while, on the other hand, different panels allowed "a more flexible approach, excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced[.]" **McCreesh**, 888 A.2d at 666. After explaining that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice[,]" the [**McCreesh**] Court stated that it embraced the logic of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." **McCreesh**, 888 A.2d at 674.

Although **McCreesh** made clear that a plaintiff could fulfill her good-faith service mandate without strictly complying with the service rules as long as her efforts resulted in actual notice of the lawsuit to the defendant, like **Farinacci**, **McCreesh** did nothing to modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. Nor, for that matter, did **McCreesh** change the rule clarified in **Farinacci** that the plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate service of process in a timely manner. To the contrary[,] the **McCreesh** Court alluded to this evidentiary requirement. **See id.** at 672 ("We subtly altered our holding in

- 10 -

*Lamp* in *Farinacci*, requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'").

In sum, *Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith.  If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

*Id.* at *8–9.

Moreover, this Court has determined that "[w]hat constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." *Moses*, 725 A.2d at 796 (citation omitted).  "The inquiry into whether a plaintiff acted in good faith lies within the sound discretion of the trial court." *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 125 (Pa. Super. 2007) (citation and quotations omitted).

Here, there is no dispute that the applicable statute of limitations was two years.  *See* 42 Pa.C.S.A. § 5524.  The alleged accident occurred on August 20, 2015.  Thus, the applicable statute of limitations expired on August 17, 2017.  Appellant initially filed a writ of summons on August 17, 2017. Thereafter, the writ was reissued on March 3, 2018.  To resolve the issue

raised by the Shannons' motion for partial summary judgment, the trial court needed to determine whether Appellant made a good faith effort to effectuate service of the writ of summons upon the Shannons, as the named defendants.

Applying this Court's prior decisions in ***Ferrara v. Hoover***, 636 A.2d 1151, 1153 (Pa. Super. 1994) and ***Moses***, ***supra***, the trial court concluded that service of the writ of summons by Appellant upon Nationwide, the Shannons' insurance carrier, did not constitute actual notice and did not qualify as a good faith effort to achieve original service of process upon the Shannons, as required by our Rules of Civil Procedure. Our review of ***Ferrara*** and ***Moses*** confirms that those cases support the trial court's decision. ***Ferrara*** and ***Moses*** make clear that a plaintiff's communications with a defendant's insurance carrier do not constitute a good faith attempt at either service or notice of a lawsuit. ***See Ferrara***, 636 A.2d at 1153 ("We find no merit in the contention [that] communication between [an] appellant and [the defendant's] insurance adjuster serves as a substitute for actual service of process. [Defendants] have a reasonable expectation [of assurance] that once the statute of limitations has run they will no longer shoulder the burden of possible litigation."); ***see also Moses***, 725 A.2d at 798 (rejecting argument that "insurance carrier had notice of an 'impending lawsuit' two weeks prior to the running of the [s]tatute of [l]imitations [because] it [] does not excuse [plaintiff's] failure even to attempt to effectuate actual service of the actual writ [of summons] on the [defendants]. It was the [defendants] who were being sued not their insurance company.").

- 12 -

More specifically, in **Ferrara**, we first recognized "it is not necessary the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of **Lamp** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in **Lamp** to bear." **Ferrara**, 636 A.2d at 1152 (citation omitted). Ultimately, in **Ferrara**, we found "no merit in the contention that communication between [the plaintiff's attorney] and [defendants'] insurance adjuster serves as a substitute for actual service of process." **Ferrara**, 636 A.2d at 1153. Thereafter, in **Moses**, we recognized:

> there is no genuine issue of material fact that [Moses], through his original counsel made no effort whatsoever to serve the writ of summons during the term of its existence. Thus, [the named defendants] had no actual notice of the existence of any lawsuit.
>
> [Moses] alleges, though, that the [defendants'] insurance carrier had notice of an "impending lawsuit" two weeks prior to the running of the [s]tatute of [l]imitations. Accepting the truth of this allegation for the purposes of our review, it nonetheless does not excuse [Mose's] failure even to attempt to effectuate actual service of the actual writ on the [defendants]. It was the [defendants] who were being sued not their insurance company. Moreover, our Court has previously considered and rejected a similar argument [in **Ferrara**].

**Moses**, 725 A.2d at 798.

As set forth above, Appellant, the plaintiff in this matter, bore the evidentiary burden of demonstrating he met the good-faith mandate. In this case, Appellant concedes that he made no effort to serve the writ of summons on the Shannons. The only step taken was to e-mail a copy of the writ to

Nationwide, the Shannons' insurance carrier. Appellant did not attempt service of the writ upon the Shannons *via* the sheriff. **See** Pa.R.C.P. 400 (providing that original process shall be served only by the sheriff). Moreover, there is simply no evidence that the Shannons ever received a copy of the writ of summons that Appellant forwarded to Nationwide. We have previously determined that communication between a plaintiff and a defendant's insurance carrier does not qualify as a good faith attempt at service. **See Ferrara, supra**. and **Moses, supra**. Our decisional law has determined that corresponding with an insurance adjuster is simply not enough. It was the Shannons who were being sued, not their insurance company. Appellant does not dispute, distinguish, or otherwise contest the trial court's reliance on **Ferrara** and **Moses**. As such, Appellant has failed to satisfy his evidentiary burden of showing he acted in good faith and it does not matter whether his actions (or inaction) were intentional, unintentional, or otherwise. Accordingly, we discern no abuse of discretion or error of law in determining that Appellant did not make a good faith attempt at effectuating actual service of the writ of summons. As such, based upon this record, there are no issues of material fact to decide.

We recognize that, pursuant to **McCreesh**, a trial court should not punish a plaintiff by dismissing a complaint where it can be established that improper but diligent attempts at service resulted in the Shannons receiving actual notice of the commencement of the action. In **McCreesh**, the plaintiff served the writ of summons upon the Philadelphia City Law Department within

the applicable statute of limitations period, but served it by certified mail, which was procedurally improper. There was no dispute, however, that the attorney representing the City of Philadelphia actually received the writ of summons at that time. *See McCreesh*, 888 A.2d at 666 ("The parties agree that a United States Postal Service employee delivered the package containing [the writ of summons], and that a receptionist at the Law Department signed for the package" within the statute of limitations period.) The plaintiff in *McCreesh* later effected proper service by hand delivery as required, but after the statute of limitations had expired. The *McCreesh* Court determined that the plaintiff's technically deficient service by mail constituted a good faith effort at notice where the attorney representing the City of Philadelphia received actual notice of the litigation within the statute of limitations and was not otherwise prejudiced. *Id.* at 666 n.1. The *McCreesh* Court concluded:

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps **where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice**. Therefore, we [] would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.
>
> As stated earlier, [the Supreme] Court [has] attempted to prevent plaintiffs from abusing the liberal rules of civil procedure which had been enacted originally to protect plaintiffs from being thrown out of court despite commencing an action within the applicable limitations period. The cases requiring strict compliance hearken back to these draconian procedures and replace a factual good faith inquiry with an objective bright line standard of compliance that is wholly inconsistent with the concept of good faith.

*Id.* at 674 (emphasis added). Accordingly, since actual notice of the commencement of the legal action was received within the statute of limitations period in *McCreesh*, the Supreme Court concluded that strict compliance with the procedural rules was unnecessary.

Here, upon review of the record and as set forth above, Appellant did not formally serve the Shannons with the writ of summons by any means. Appellant admits that the only action he took was to email a copy of the writ of summons to the Shannons' insurance agent. There is no evidence that the insurance agent, in turn, sent the writ of summons to the Shannons. In this case, the absence of actual notice within the statute of limitations distinguishes it from *McCreesh*, wherein the **attorney** for the defendant received the writ of summons, albeit through certified mail rather than personal delivery as required under the rules. While the *Lamp*/*McCreesh* line of cases excuses technical non-compliance with procedural rules, in this case, there was no attempt at complying with the rules whatsoever. Accordingly, we conclude that the trial court properly distinguished *McCreesh*. As such, there was no reason for the trial court in this matter to consider whether Appellant stalled proceedings and/or whether the Shannons were prejudiced. For all of the foregoing reasons, Appellant is not entitled to relief.

Order granting summary judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/21/2021</u>