J-A23039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| KATHERINE HARRIGAN, ADMINISTRATRIX OF THE ESTATE OF JOSHUA C. BULLOCK | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : | |
| KIRSTEN FORSYTHE, SCOTT MASSEY AND OM MEDICAL GROUP, P.C. T/A RED LION PAIN & PRIMARY CARE | : : : | No. 1421 MDA 2021 |

Appeal from the Order Entered October 22, 2021
In the Court of Common Pleas of York County Civil Division at No(s):
2021-SU-000053

BEFORE:   BOWES, J., McCAFFERY, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:      **FILED JUNE 30, 2023**

The record reveals Appellant, who was represented by an out-of-state attorney admitted *pro hace vice*, filed her complaint just prior to the expiration of the statute of limitations. In clear violation of the Rules of Civil Procedure and relevant case law, Appellant inexplicably took no action on the complaint for nearly three months, and when she did finally make an attempt at service, it is undisputed that such service was defective.

The Majority reverses the Court of Common Pleas of York County's order sustaining the preliminary objections filed by Appellee Kirsten Forsythe, Appellee Scott Massey, and Appellee OM Medical Group, P.C. t/a Red Lion Pain

_____

* Former Justice specially assigned to the Superior Court.

& Primary Care (collectively "Appellees") and dismissing the claims of Katherine Harrigan ("Appellant"), administratrix of the Estate of Joshua C. Bullock, in their entirety. The Majority concludes Appellant properly served Appellees in a timely manner with her complaint, and, thus, the trial court did not lack personal jurisdiction over Appellees under Pennsylvania Rule of Civil Procedure 1028(a)(1).

Respectfully, I dissent from the Majority's reversal of the trial court's holding that Appellant demonstrated a lack of good-faith effort to effectuate service of the complaint. Appellant's transparent stalling of the judicial machinery, and her complete disregard for the Rules of Civil Procedure, requires dismissal of the action. While I agree with the Majority that the Rules should be interpreted "liberally," such liberal interpretation should not lead to a complete nullification of the Rules.

The Majority excuses Appellant's lack of due diligence and violation of the holdings in **Lamp**[1] by concluding there is no evidence that Appellant engaged in a course of conduct to stall the legal machinery that she set in motion and otherwise fulfilled her legal duty to make a good-faith effort to serve her complaint. **See** Majority Opinion at 24. However, here, as was within its discretion, the trial court found the credible evidence established

---

[1] **Lamp v. Heyman**, 469 Pa. 465, 366 A.2d 882 (1976).

that Appellant did not meet her burden of good-faith, and I find no abuse of discretion.

Moreover, the Majority finds "operative notice" of the complaint was given by the admission of counsel *pro hace vice*. Respectfully, there is no case law supporting this holding, which unduly enlarges our Supreme Court's holdings in **Lamp** and its progeny. It is well-settled that "[i]n the seminal case of [**Lamp**, **supra**,] th[e] [Supreme] Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation." **McCreesh v. City of Philadelphia**, 585 Pa. 211, 888 A.2d 664, 665 (2005). "This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." **Id.** Thus, in **Lamp**, the Supreme Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery [she] has just set in motion." **Lamp**, **supra**, 366 A.2d at 889. This "**Lamp** rule" applies equally to actions commenced by way of the filing of a complaint. **Gussom v. Teagle**, ____ Pa. ____, 247 A.3d 1046 (2021).

"Stated more in the affirmative, **Lamp** requires plaintiffs to act diligently to meet their good-faith requirement to effectuate service of process upon defendants so as not to dilute the policies underlying the statute of

limitations." ***Gussom***, ***supra***, 247 A.3d at 1056 (citing ***Lamp***, ***supra***, 366 A.2d at 889) ("Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.")).

Our Supreme Court refined the ***Lamp*** rule in ***Farinacci v. Beaver County Industrial Development Authority***, 510 Pa. 589, 511 A.2d 757, 759 (1986), holding that "***Lamp*** requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." In addition, ***Farinacci*** clarified that: (1) the plaintiff carries an evidentiary burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant, ***McCreesh***, ***supra***, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with ***Lamp*** is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[.]" ***Farinacci***, ***supra***, 511 A.2d at 759.

In applying ***Farinacci***, our Supreme Court in ***McCreesh*** expressed that when plaintiffs' improper actions in serving original process put defendants on actual notice of the commencement of actions, trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." ***McCreesh***, ***supra***, 888 A.2d at 674.

Recently, in ***Gussom***, ***supra***, our Supreme Court explained the following:

Importantly, [the Supreme Court's] decision in ***Farinacci*** did nothing to lessen a plaintiff's burden to act diligently in promptly serving notice of the commencement of an action on a defendant so as not to thwart the purpose of the statute of limitations. Indeed, the ***Farinacci*** Court ultimately concluded that the plaintiff therein failed to establish a good-faith effort to serve a writ where a four-week delay in service was attributable to counsel's negligence in forgetting to take the necessary steps to effectuate service of the writ. ***Id.*** at 759-60.

In ***McCreesh***, the Court sought to resolve a pattern of conflicting opinions from the intermediate courts. On the one hand, some of those decisions required plaintiffs to comply strictly with the rules regarding service to satisfy the ***Lamp-Farinacci*** good-faith requirement, while, on the other hand different panels allowed "a more flexible approach, excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced[.]" ***McCreesh***, ***supra***, 888 A.2d at 666. After explaining that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where [s]he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice[,]" the Court stated that it embraced the logic of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." ***McCreesh***, ***supra***, 888 A.2d at 674.

Although ***McCreesh*** made clear that a plaintiff could fulfill her good-faith service mandate without strictly complying with the service rules as long as her efforts resulted in actual notice of the lawsuit to the defendant, like ***Farinacci***, ***McCreesh*** did nothing to modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. Nor, for that matter, did ***McCreesh*** change the rule clarified in ***Farinacci*** that the plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate service of process in a timely manner. To the contrary, as observed throughout this opinion, the ***McCreesh*** Court alluded to this evidentiary requirement. ***See id.*** at 672

- 5 -

("We subtly altered our holding in **Lamp** in **Farinacci**, requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'").

In sum, **Lamp** and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to **McCreesh**, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

**Gussom**, **supra**, 247 A.3d at 1056-57.

Moreover, this Court has determined that "[w]hat constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case-by-case basis." **Moses v. T.N.T. Red Star Exp.**, 725 A.2d 792, 796 (Pa.Super. 1999) (citations omitted). "The inquiry into whether a plaintiff acted in good faith lies within the sound discretion of the trial court." **Englert v. Fazio Mechanical Services, Inc.**, 932 A.2d 122, 125 (Pa.Super. 2007) (citation and quotations omitted).

In the case *sub judice*, there is no dispute Appellant filed her complaint on January 12, 2021, which was just days before the expiration of the statute

of limitations. She did not effectuate proper service, and on April 28, 2021, she reinstated the complaint.

As outlined in detail *supra*, "the law required [Appellant] to act diligently in serving original process on [Appellees] so as not to undermine the policies that animate the statute of limitations." ***Gussom***, ***supra***, 247 A.3d at 1057. Concerning this requirement, the trial court examined the actions taken by Appellant and concluded the following:

> The [trial] court finds that [Appellant] has failed to meet [her] burden. First, [Appellant], inexplicitly, made absolutely no effort to serve [Appellees] within the time constraints of the rules. No reason was given as to why [she] did not make any attempt to serve [Appellees] for several months thereafter. [Appellant] was able to timely file the complaint despite a significant number of issues that made it difficult to do so. To be clear, the preparing and filing of the complaint was the difficult part. Once filed, all [Appellant] needed to do was file a Request for Service and pay the applicable fee to the Sheriff's Department for service to occur.
>
> ***
>
> [T]he relevant inquiry is what action was taken by [Appellant] to attempt service. In other words, it is [Appellant's] actions that are relevant, not the Prothonotary's….Here, [Appellant] did absolutely nothing to serve [Appellees as to the initial complaint until nearly three months later]. Therefore, it is impossible for [Appellant] to argue that [her] attempts at service [fulfilled the good-faith mandate] to [Appellees] when it is undisputed that [she] made no attempt at all to serve [Appellees] with a copy of the complaint within the applicable time period.

Trial Court Opinion, filed 8/3/21, at 8-9.

I find no abuse of discretion or error of law in the trial court's sound reasoning. Here, as the trial court concluded, while Appellant filed her complaint within the statute of limitations, she took **no** steps to serve the

complaint until April of 2021, nearly three months later. It is undisputed this service was defective.

On April 20, 2021, over three months after the statute of limitations would have expired on Appellant's claim but for the filing of the complaint, Appellee Massey filed the first preliminary objections raising a factual question as to whether Appellant fulfilled her legal duty to make a good-faith effort to serve her complaint.[2] At that point, Appellant had an obligation to produce evidence to demonstrate that she met this duty, yet, she offered no such evidence."[3] *See Gussom*, *supra*.

Accordingly, I conclude the trial court properly entered an order sustaining Appellee Massey's, and then subsequently Appellees Forsythe's and OM's, preliminary objections, and dismissing Appellant's claims against them due to her failure to make good-faith efforts to serve the complaint on them. Stated succinctly, Appellant failed to prove that she acted diligently in attempting to make her good-faith effort to serve Appellees with original process. *See Gussom*, *supra*. The touchstone of *Lamp* is a good-faith effort

---

[2] As indicated by the Majority, Appellees Forsythe's and OM's preliminary objections followed thereafter.

[3] I note Appellant advanced no argument on appeal as it relates to her delay in attempting service. In any event, I note "it is not necessary the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear." *Ferrara v Hoover*, 636 A.2d 1151, 1152 (Pa.Super. 1994) (citation omitted).

to complete service that evinces a lack of intent to stall the judicial machinery or prejudice the defendant. *See id.*

Moreover, I disagree with the Majority that the Prothonotary's service of the court's February 5, 2021, order admitting Attorney Shepard *pro hac vice* somehow fulfilled or replaced Appellant's good-faith effort to complete service that evinced a lack of intent to stall the judicial machinery.

As set forth above, Appellant, the plaintiff in this matter, bore the evidentiary burden of demonstrating she met the good-faith mandate. *See Gussom*, *supra*. I agree with the trial court that the Prothonotary's mailing of a *pro hac vice* admission order does not constitute a good-faith attempt by Appellant to effectuate either service or serve as "operative" notice of the lawsuit. *See Gussom*, *supra* (although the defendant's counsel entered an appearance, there is no evidence of record that would establish good-faith efforts by the plaintiff); *Williams v. Shannon*, No. 2083 MDA 2019, 2021 WL 2029815 (Pa.Super. filed 5/21/21) (unpublished memorandum)[4] (holding the plaintiff's communications with a defendant's insurance carrier do not constitute a good-faith attempt at either service or notice of a lawsuit).

As our Supreme Court has explained, to meet the good-faith effort mandate, the plaintiff must act diligently to timely serve notice of the commencement of an action so as not to undermine the polices that drive the

---

[4] Pa.R.A.P. 126(b) provides that non-precedential decisions of this Court, which are filed after May 1, 2019, may be cited for their persuasive value.

statute of limitations. ***See Gussom***, ***supra***. The service does not have to have been perfect, and "[i]f a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith." ***Gussom***, ***supra***, 247 A.3d at 1057. As our Supreme Court has held:

> [P]ursuant to ***McCreesh***, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

***Gussom***, ***supra***, 247 A.3d at 1057.

Here, there is no dispute Appellant waited nearly three months to attempt to serve her complaint, and when she finally attempted service, it was improper. Absent from the record is any evidence of Appellant's "diligent attempts at service[.]" ***See id.*** I specifically disagree with the Majority that the Prothonotary's mailing of an order related to counsel's admission *pro hac vice* served as a substitute for Appellant's obligation to engage in "a good-faith effort" to "diligently and timely" serve Appellees.[5] ***Id.***

---

[5] In any event, assuming, *arguendo*, the Prothonotary's service of an order granting counsel's admission *pro hac vice* satisfied Appellant's good-faith obligation to provide timely notice of the commencement of this matter, I would affirm on the basis that Appellant's "failure to serve process properly evinced an intent to stall the judicial machinery[.]" ***Gussom***, ***supra***, 247 A.3d at 1057. Appellant filed her complaint just prior to the expiration of the statute of limitations and then inexplicably sat on the complaint for nearly three months before attempting her defective service. Thus, I find the trial court
*(Footnote Continued Next Page)*

The trial court properly concluded that Appellant's inaction, followed by her defective service of the complaint, required the dismissal of this action. Accordingly, I dissent.

---

did not abuse its discretion in concluding this was an intent to stall the judicial machinery Appellant set in motion.